SMITH v O'HARROW CONSTRUCTION COMPANY

Docket No. 78-5046. Submitted November 13, 1979, at Lansing.—
Decided February 6, 1980. Leave to appeal applied for.

O'Harrow Construction Company was the general contractor for
the City of Jackson's sewage treatment plant additions in 1971.
One of the subcontractors was Phoenix Contractors, Inc., the
company responsible for the pipe-fitting and related matters.
Phoenix had an employee, Virgil Smith, who was allegedly
injured while working for Phoenix on this project. Smith and
his wife, Betty Smith, commenced an action against O'Harrow
for damages for the injuries. O'Harrow filed a third-party
action against Phoenix and Kent Electric Co. O'Harrow sought
indemnification from Phoenix under an indemnification provi-
sion in O'Harrow's contract with Phoenix. The Jackson Circuit
Court, Kevin J. Daly, J., entered summary judgment for Phoe-
nix finding that the indemnification clause was against public
policy under a statutory provision and, therefore, void and
unenforceable. O'Harrow appeals, alleging that the adoption of
the doctrine of comparative negligence by the Supreme Court
as a rule of law in Michigan served to invalidate the statutory
provision, at least as applied to the facts of this case. *Held:*

The Supreme Court decision adopting comparative negligence
is applicable to this case. Applying the concept of comparative
negligence to the instant case means that any award of dam-
ages to the plaintiffs would flow solely from O'Harrow's negli-
gence and the indemnification clause in the contract between
O'Harrow and Phoenix cannot stand. The clause is against
public policy and is void and unenforceable even under a pure
comparative negligence scheme.

Affirmed.

1. NEGLIGENCE — COMPARATIVE NEGLIGENCE — CASE PRECEDENT.
    The Supreme Court decision adopting the doctrine of comparative

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence § 428 *et seq.*
    Judicial adoption of comparative negligence doctrine as applicable
    retrospectively. 78 ALR3d 421.
[2] 57 Am Jur 2d, Negligence §§ 426, 433.

negligence as a rule of law in Michigan, as well as being applicable to the precedent case, was made applicable to "all appropriate cases in which a retrial is to occur because of remand on any other issue * * * to any case presently pending on appeal in which application of the doctrine was requested at the trial court and the issue preserved for appeal * * * [and] shall be the applicable rule in any case commenced but not submitted to the trier of fact prior to the date of this decision, but in no case shall it apply unless there is an appropriate request by counsel prior to submission to the trier of fact".

2. NEGLIGENCE — COMPARATIVE NEGLIGENCE — DISTRIBUTION OF LIA-
   BILITY. ·
   Pure comparative negligence distributes responsibility, and there-
   fore liability, according to the fault of the respective parties; a
   wrongdoer does not recover to the extent of his fault, but only
   to the extent of the fault of others.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Alan R. Dominick* and *William H. Stephens, III*), for defendant and third-party plaintiff.

*Reid, Reid, Mackay, Emery & DeVine, P.C.* (by *Fred C. Newman*), for third-party defendant Phoenix Contractors, Inc.

Before: T. M. BURNS, P.J., and CYNAR and A. M. BACH,* JJ.

CYNAR, J. Defendant and third-party plaintiff O'Harrow Construction Company appeals as of right from the entry of orders which dismissed its third-party complaint for indemnification and denied its motion for rehearing on a summary judgment in favor of third-party defendant Phoenix Contractors, Inc.

O'Harrow initially contends that the trial court erred in granting Phoenix's motion for summary judgment and in dismissing O'Harrow's third-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

party complaint. In support of this contention, O'Harrow takes issue with the reasoning of the lower court in ruling against its position. Specifically, O'Harrow assails the finding of the lower court that the indemnification clause contained in the contract between O'Harrow and Phoenix, running in favor of O'Harrow, was against public policy under MCL 691.991; MSA 26.1146(1),[1] and, therefore, void and unenforceable.

O'Harrow seeks to avoid the effect of this statute by claiming that the decision in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), adopting the doctrine of comparative negligence, *sub silentio* invalidates MCL 691.991, at least as applied to the facts of this case. O'Harrow's syllogism operates thus. The statute operates to bar indemnification for liability resulting only from the indemnitee's (O'Harrow's) *sole* negligence. O'Harrow has claimed negligence on the part of plaintiff Virgil Smith (not a party to this appeal) which contributed to Smith's injuries. Since, under *Placek,* such contributory negligence is not a *per se* bar to recovery by plaintiff, any damages awarded to him would not have been a result of the *sole* negligence of O'Harrow. Therefore, the indemnification clause would not be in violation of the statute, and the lower court's ruling to the contrary was reversibly erroneous.

To address this argument, we must first determine whether *Placek* applies to the case at bar.

[1] This provision reads as follows:

"Sec. 1. A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith, purporting to indemnify the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee or indemnitee, his agents or employees, is against public policy and is void and unenforceable."

The Michigan Supreme Court specifically addressed this question in *Placek,* and ruled to this effect:

"Therefore, we hold the rule announced today applicable to the instant case and all appropriate cases in which trial commences after the date of this opinion including those in which a retrial is to occur because of remand on any other issue. Further, we find comparative negligence applicable to any case presently pending on appeal in which application of the doctrine was requested at the trial court and the issue preserved for appeal. Finally, comparative negligence shall be the applicable rule in any case commenced but not submitted to the trier of fact prior to the date of this decision, but in no case shall it apply unless there is an appropriate request by counsel prior to submission to the trier of fact." *Placek, supra,* 667-668.

Applying this test to the instant action, we conclude that *Placek* does indeed apply here. Although plaintiff's complaint was filed in February of 1974, extensive discovery has been had, pretrial conferences held, and a plethora of motions filed, this litigation has not yet been brought to trial. Therefore, under *Placek,* the comparative negligence doctrine is applicable to this action.

This mediate holding, however, does not *ipso facto* require a reversal of the lower court's decision. We are not persuaded by O'Harrow's ultimate conclusion, *viz.,* that any award of damages to plaintiff after application of a pure comparative negligence doctrine to the facts of this case would not stem from negligence attributable solely to defendant. Such a proposition flies in the face of the plain language of *Placek.*

As noted in *Placek,* pure comparative negligence distributes responsibility (and therefore liability)

according to the fault of the respective parties. *Placek, supra,* 660. " 'The wrongdoer does not recover to the extent of his fault, but only to the extent of the fault of others.' " *Id.,* 661.

Thus, it is clear beyond peradventure that the damages which O'Harrow might ultimately be called upon to pay would still be a result of its *sole* negligence, as the negligence of plaintiff Smith would *pro tanto* reduce the amount of his recovery from O'Harrow. Any injuries (and the damages attendant thereto) resulting from Smith's own negligence would not be reflected in a jury award. As stated in *Placek,* "What pure comparative negligence does is hold a person fully responsible for his or her acts and to the full extent to which they cause injury". *Id.*

Having so concluded, it is but a short step to a final resolution of the question. Since any award of damages would flow *solely* from O'Harrow's (the indemnitee's) negligence, the indemnification clause in the contract between O'Harrow and Phoenix cannot stand against the legislative command found in MCL 691.991; MSA 26.1146(1). Accordingly, the clause is against public policy and is void and unenforceable, even under a pure comparative negligence scheme. As such, we affirm the disposition in the court below on this issue.

Finally, we note that the remaining issue raised by O'Harrow in its brief on appeal is not properly before this Court, as O'Harrow failed to file a claim of appeal with respect to said issue, which is required under GCR 1963, 802 in order to vest this Court with jurisdiction over the matter. Additionally, O'Harrow's motion to amend its claim of appeal was previously denied by this Court, and we see no reason to disturb that ruling.

Affirmed. Costs to appellee.