PAQUIN v HARNISCHFEGER CORPORATION

Docket No. 53516. Submitted October 5, 1981, at Marquette.—Decided
February 2, 1982. Leave to appeal applied for.

Ray C. Paquin, an employee of Proksch Construction Company,
was injured during the construction of a building by Proksch
for Hanna Mining Company. The injury occurred when his
fingers were caught between an overhead crane and the track
upon which the crane ran. The crane was used by both Proksch
employees in the construction of the building and by Hanna
employees for Hanna's activities in the building. At the time of
the accident, a Hanna employee, under the direction of a
Proksch foreman, was moving the crane from the area under
construction to the portion of the building occupied by Hanna.
Roy Paquin and Lorraine Paquin, his wife, brought an action
for damages in Dickinson Circuit Court against Harnischfeger
Corporation, the manufacturer of the crane, Hanna, Jasper
Engineering and Equipment Company, the distributor of the
crane, and J. Verette Company, the firm which installed the
crane. Hanna interpleaded Proksch as a third-party defendant
on a claim of contractual indemnity arising out of a provision
in the construction contract. J. Verette Company interpleaded
Roland and Kenneth LaCasse. Following a jury trial, V. Robert
Payant, J., directed verdicts in favor of Jasper Engineering and
J. Verette Company, which thereby also disposed of Verette's
claim against the LaCasses. The trial judge also directed a
verdict in favor of Proksch on Hanna's claim for indemnity,
holding that the indemnity provision did not require Proksch to
indemnify Hanna where the injury was caused by Hanna's

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indemnity §§ 13-18.
[2] 41 Am Jur 2d, Indemnity §§ 15, 18, 23.
 Contribution or indemnity between joint tortfeasors on basis of
  relative fault. 53 ALR3d 184.
 Claim, for contribution or indemnity against joint tortfeasor, of
  employer liable to employees under Federal Employers' Liability
  Act, as affected by contributory negligence of employee. 6 ALR3d
  1307.
[3] 41 Am Jur 2d, Indemnity § 3.
 82 Am Jur 2d, Workmen's Compensation § 426 et seq.

joint negligence. The jury returned a verdict of no cause of action on plaintiffs' claim against Harnischfeger and verdicts in favor of Roy Paquin and Lorraine Paquin on their claims against Hanna. Hanna moved for reconsideration and entry of a judgment of indemnity or for a new trial, which was denied. Hanna appeals. *Held:*

1. The trial court erred in directing a verdict on Hanna's claim for indemnification. The language of the indemnity provision, coupled with the circumstances surrounding the indemnity contract, clearly evidence an intent that Proksch would indemnify Hanna for injuries to its employees where Hanna was negligent but not solely negligent.

2. The indemnity provision in the construction contract does not violate the public policy evidenced in the exclusive remedy clause of the Worker's Disability Compensation Act, since the nature of the claim against the employer is for indemnity rather than contribution.

Reversed and remanded.

1. INDEMNITY — CONTRACTS — JUDICIAL CONSTRUCTION.

The controlling considerations in the judicial construction of an indemnity agreement which purports to indemnify the indemnitee for its own negligence are the language of the indemnity contract, the situation of the contracting parties and the circumstances surrounding the contract.

2. INDEMNITY — CONTRACTS — JOINT NEGLIGENCE.

An indemnity provision providing that the indemnitor will indemnify for any liability which is occasioned, either directly or indirectly, by any act or omission of the indemnitor or anyone acting on behalf of the indemnitor or incident to the contract out of which the indemnity agreement arises unless caused by the indemnitee's sole negligence is sufficient to provide a right to indemnity for an injury resulting from the joint negligence of the indemnitee and the indemnitor or one acting on behalf of the indemnitor where the situation of the parties and the circumstances surrounding the indemnity contract indicate that indemnification of the indemnitee's joint negligence was contemplated.

3. INDEMNITY — WORKERS' COMPENSATION — CONTRIBUTION.

An action for contractual indemnity against the employer of an employee who has secured a judgment against the indemnitee as a result of a work-related injury is not precluded by the provision in the Worker's Disability Compensation Act precluding contribution, the theory of recovery in such action being

indemnity rather than contribution (MCL 418.131; MSA 17.237[131]).

*Butch, Quinn, Rosemurgy, Jardis & Valkanoff, P.C.,* for Hanna Mining Company.

*Jack Carpenter,* for Proksch Construction Company.

Before: N. J. Kaufman, P.J., and J. H. Gillis and Cynar, JJ.

J. H. Gillis, J. Hanna Mining Company (hereinafter Hanna), defendant and third-party plaintiff herein, appeals as of right from the trial court's grant of a motion for directed verdict in favor of third-party defendant Proksch Construction Company (hereinafter Proksch) and from its denial of Hanna's motion for reconsideration and for entry of judgment of indemnity or a new trial on the indemnity issue.

Although there were numerous parties to this litigation, this appeal involves only Hanna and Proksch and deals with the application of two indemnification provisions contained in a contract entered into between these two parties.

Hanna was engaged in the business of mining. In connection therewith, it desired to expand existing buildings located on property owned by it to include a truck repair shop. It entered into a contract with Proksch whereby Proksch agreed to perform the desired expansion. The bid proposal contained the following conditions:

"The Contractor shall defend any and all suits brought against the Owner and its officers, agents and employees by any employee or other person (whether employed by the Contractor or not) for damage to property and/or injury to person (including death) al-

leged or claimed to have been caused by or through the performance by the Contractor or any subcontractor of the Work, and shall indemnify and hold harmless the Owner, its officers, agents and employees, from and against any and all claim or claims arising out of the Work performed by the Contractor or any subcontractor; also, the Contractor shall pay, liquidate and discharge any and all claims or demands for bodily injury (including death), and/or loss of or damage to any property alleged or claimed to have been caused by, grown out of or incidental to the performance of the Work performed by the Contractor or any subcontractor, including damage to the building and other property of the Owner and including all damages for the obstruction of private drive-ways, streets and alleys and all costs and expenses of suits and reasonable attorney's fees. In the event of any such injury (including death), loss or damage (or claim or claims therefrom), the Contractor shall give immediate notice thereof to the Owner. The Contractor shall not, however, be responsible to the Owner on indemnity against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the Owner, its agents or employees, where such indemnity would apply to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith."

A purchase order which also became part of the contract contained the following conditions:

"9. Indemnity

"Contractor expressly agrees to indemnify and save Owner harmless from and against all claims, loss, expense, damage and liability (including but not limited to attorneys' fees) directly or indirectly caused by or resulting from any act or omission of Contractor or anyone acting in his behalf in connection with or incident to this Contract or the work to be performed hereunder, except that the Contractor shall not be responsible to the Owner on indemnity for damages

caused by or resulting from the Owner's sole negligence."

Construction of the building proceeded over the course of several months. After Proksch had completed construction of part of the building, Hanna began truck repair operations in the completed portion while Proksch continued construction of the remaining portion of the structure. Charles Proksch, then vice-president of Proksch, testified that it was anticipated at the time that the contract was entered into that Hanna would begin using the building while construction was ongoing. It was also anticipated that Hanna would permit Proksch to use an overhead crane, owned by Hanna, to install bracing for the roof of the building.

Joseph Ray, construction foreman for Proksch, testified that both Hanna and Proksch alternately used the crane and had done so for several months prior to January 19, 1976. On that date, the plaintiff (all references to plaintiff are to Roy Paquin only) and Wilfred Gardner were perched on the top of the crane while installing some bracing in the roof of the building when a Hanna employee approached Joseph Ray and indicated that Hanna needed to use the crane for a short period of time. Ray informed the plaintiff and Gardner, both of whom were employees of Proksch, that the crane was about to be moved. The plaintiff and Gardner climbed off the crane and onto a nearby catwalk. As the crane moved forward, the plaintiff reached out onto the crane rail to pick up some washers and bolts that had been placed there. As he did so, the crane severed several of his fingers.

The plaintiff filed suit against the manufacturer of the crane, Harnischfeger Corporation, the distributor of the crane, Jasper Engineering and

Equipment Company, the firm which had installed the crane, J. Verette Company, and Hanna. The claim against Hanna was premised on owner liability as well as ordinary negligence. Hanna impleaded Proksch as a third-party defendant on the basis of the contractual indemnification provisions quoted *supra.* J. Verette Company impleaded Roland LaCasse and Kenneth LaCasse.

At trial, evidence was introduced showing that the crane did not have any type of warning device indicating that the crane was in movement nor did it have any type of device which acted to sweep foreign objects off its railing. There was evidence presented that Ray had instructed the plaintiff and Gardner to remain on the catwalk, above the crane, while Hanna used the crane. Ray indicated that he gave the instruction because it took longer for the men to descend to the ground and climb back up than it did for Hanna to use the crane.

From the interior of the crane, the operator could not see the area where the plaintiff and Gardner were located. Ray testified that after he warned the plaintiff and Gardner that a Hanna employee was about to use the crane, he removed a locking device which held the crane motionless and told the Hanna employee that it was "okay" to move it.

Following the close of plaintiff's proofs, the court directed a verdict in favor of Jasper Engineering and Equipment Company and J. Verette Company. The court's action also had the effect of terminating Verette's claim against Roland and Kenneth LaCasse.

During the presentation of Hanna's proofs, Charles Proksch testified that he was the Proksch official in charge of preparing bid proposals and

had prepared the bid on this particular project. He stated that at the time of the bid the number of employees the company employed ranged from 25 to 100. In 1976, the company generated $3.5 million of business. He testified that he had a bachelor's degree in business administration from Northern Michigan University. He did not recall reading the indemnification provisions in question. However, he was aware that most contracts of this nature contained indemnification clauses and had reviewed many such provisions. Costs for such items as insurance were included in preparing bids.

Following the presentation of Hanna's proofs, Proksch moved for a directed verdict, arguing that indemnification provisions did not require it to indemnify Hanna where the injury was caused by Hanna's joint negligence. The court granted the motion.

The jury returned a verdict in favor of the plaintiff and against Hanna. A verdict of no cause of action was rendered in favor of Harnischfeger Corporation. The jury found that the plaintiff had suffered $200,000 in damages and that his wife had suffered damages of $50,000. The jury also found that the plaintiff's own negligence had contributed to his injuries. It found that 75% of the total combined negligence was attributable to the plaintiff. Therefore, the court reduced the judgment to reflect the jury's finding of comparative negligence. It awarded the plaintiff $50,000 and awarded the plaintiff's wife $12,500.

Following trial, Hanna moved the court to reconsider its grant of Proksch's motion for directed verdict and requested the court to enter judgment on its claim of indemnity. The court denied Hanna's motion, ruling that the indemnity agreement

was not intended to apply to Hanna's own negligence.

This is not the first occasion on which this Court has dealt with the interpretation of an indemnity agreement. The relevant rules of construction are adequately recited in numerous cases and need not be repeated here. See *Title Guaranty & Surety Co v Roehm,* 215 Mich 586; 184 NW 414 (1921), *Meadows v Depco Equipment Co,* 4 Mich App 370; 144 NW2d 844 (1966), *Gartside v Young Men's Christian Ass'n,* 87 Mich App 335; 274 NW2d 58 (1978), *Klann v Hess Cartage Co,* 50 Mich App 703; 214 NW2d 63 (1973), *Hubbert v Acme Equipment Co,* 55 Mich App 313; 222 NW2d 224 (1974), *Peeples v Detroit,* 99 Mich App 285; 297 NW2d 839 (1980), *Pritts v J I Case Co,* 108 Mich App 22; 310 NW2d 261 (1981). We need only note that in the context of a claim that the indemnity agreement was intended to apply to one's own negligence, the controlling considerations are the language of the contract, the situation of the parties and the circumstances surrounding the contract. *Title Guaranty & Surety Co, supra, Pritts, supra.* See *Vanden Bosch v Consumers Power Co,* 394 Mich 428; 230 NW2d 271 (1975).

The indemnity provisions in the case at bar make abundant use of the words "any" and "all" and of the phrase "any and all" in describing the claims to which the provision applies. This choice of terms has been interpreted to include one's own negligence most recently in *Pritts v J I Case Co, supra,* 30, wherein the Court quoted from *Laudano v General Motors Corp,* 34 Conn Supp 684; 388 A2d 842, 845 (1977), as follows:

"[T]here cannot be any broader classification than the word 'all'. In 'its ordinary and natural meaning, the word "all" leaves no room for exceptions.' "

In *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966), this writer signed an opinion which took the opposite position with regard to use of the term "any" in an indemnity clause. There the opinion quoted the following from *Batson-Cook Co v Industrial Steel Erectors,* 257 F2d 410, 412 (CA 5, 1968):

> " 'The phrase stressed heavily is indeed broad. But the broad, all-inclusiveness of language used is itself one of the indicia which the law regards as insufficient. The purpose to impose this extraordinary liability on the indemnitor must be spelled out in unmistakable terms. It cannot come from reading into the general words used the fullest meaning which lexicography would permit.' " *Geurink, supra,* 158.

The circumstances surrounding the agreement and the situation of the parties were not discussed in *Geurink.*

In *Vanden Bosch v Consumers Power Co,* 56 Mich App 543, 558; 224 NW2d 900 (1974), Consumers Power sought indemnity from Ferro-Cast based on an agreement that Ferro-Cast "would save Consumers harmless for any loss by reason of the 'location of such building under the transmission and/or distribution line wires of' " Consumers. The plaintiff was injured when a reinforcement rod he was installing came into contact with a 46,000-volt power line owned by Consumers. The trial court opined that it was only a matter of inference as to whether or not the agreement covered Consumers' own negligence and held that the agreement therefore did not apply. This Court affirmed, relying on *Geurink* for the proposition that such coverage must be expressly stated.

The Supreme Court reversed, rejecting *Geurink's* requirement of an express provision. *Van-*

*den Bosch v Consumers Power Co,* 394 Mich 428; 230 NW2d 271 (1975). Rather than focus solely on the words used in the agreement as was done in *Geurink,* the Supreme Court considered, in addition, the circumstances surrounding the agreement as well as the situation of the parties. The Court noted that the agreement was an accommodation by Consumers allowing Ferro-Cast to build and maintain a structure in a location where it otherwise did not have a right to do so. Furthermore, the provision did not appear to be improperly exacted by way of a monopoly position of the utility. The Supreme Court concluded that the parties intended indemnification to apply:

"Although not 'expressly' stated in the agreement, we are persuaded from our reading of that agreement, in light of the surrounding circumstances, that the parties intended that Consumers Power be indemnified against liability for its own negligence of the type precipitating this litigation." 394 Mich 428.

In the case at bar, although the indemnity provision did not expressly state that Hanna would be shielded from its own negligence, such language is not mandatory. *Vanden Bosch, supra, Pritts, supra.* The contract did state that Proksch would indemnify Hanna for any liability which was occasioned, either directly or indirectly, by any act or omission of the contractor or anyone acting on its behalf or incident to the contract, unless the damage was caused by Hanna's sole negligence. The fact that the clause expressly precluded indemnification in the even that the injury or damage was caused by Hanna's *sole* negligence, in order to avoid a violation of MCL 691.991; MSA 26.1146(1), indicates that the intent was to provide indemnity

in all situations involving Hanna's own negligence except wherein caused by Hanna's sole negligence.

The situation of the parties and the circumstances surrounding the contract also indicate that indemnification for Hanna's own negligence was contemplated. There was evidence that it was understood at the time that the contract was entered into that both Hanna and Proksch employees would be working in the same area and that the use of the crane would be shared. There was also evidence that Proksch was a large company and that the agent who prepared this bid, Charles Proksch, was well-educated and familiar with this type of indemnification provision. Although he testified that he did not recall reading the indemnification provisions contained in this particular contract, that fact does not aid Proksch. *Pritts, supra.*

Under these circumstances, the trial judge erred in denying Hanna's motion for entry of judgment of indemnification. The indemnity provision was intended to apply to all claims, including those attributable to Hanna's own negligence as long as it was not due to Hanna's sole negligence. The jury's verdict found that the injury herein was due to the negligence of both Hanna and plaintiff. Thus, it was found that the injury was not due to Hanna's sole negligence. Plaintiff's claim falls within the terms of the provision providing indemnity where an injury results from the act of the "Contractor or anyone acting in his behalf in connection with or incident to this Contract". Pursuant to the terms of the indemnity agreement, Proksch must indemnify Hanna. The trial judge should have so ordered.

As an alternative basis for its grant of a directed verdict in favor of Proksch, the trial court held

that to permit the indemnification would be akin
to permitting an action for contribution and would
be contrary to public policy as a violation of the
exclusive remedy clause of the Worker's Disability
Compensation Act. MCL 418.131; MSA 17.237(131).
For the reasons stated by this writer in *McLouth
Steel Corp v A E Anderson Construction Corp,* 48
Mich App 424, 430; 210 NW2d 448 (1973), we
reverse on this basis also:

"First, we stress that our analysis deals with princi-
ples of indemnity, *not* contribution among joint tortfea-
sors. In this situation, contribution *is* not available
since the Workmen's Compensation Act provides the
only basis of recovery by the Whites against Anderson.
*Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d
370 (1965).

"Second, even though the Workmen's Compensation
Act precludes contribution, indemnification of McLouth
by Anderson is permissible under either a properly
drawn contractual agreement, *Ryan Stevedoring Co, Inc
v Pan-Atlantic Steamship Corp,* 350 US 124; 76 S Ct
232; 100 L Ed 133 (1956), or at common law, *Husted v
Consumers Power Co, supra; Indemnity Ins Co of North
America v Otis Elevator Co,* 315 Mich 393; 24 NW2d
104 (1946); see also *Dale v Whiteman,* 388 Mich 698;
202 NW2d 797 (1972)."

See also *Nanasi v General Motors Corp,* 56 Mich
App 652; 224 NW2d 914 (1974).

Reversed and remanded for entry of judgment of
indemnification.