Richard BURDO, Plaintiff,

v.

FORD MOTOR COMPANY, a foreign corporation, Defendant and Third-Party Plaintiff,

v.

HADEN SCHWEITZER CORPORATION, Third-Party Defendant.

Civ. A. No. 82–60421.

United States District Court, E.D. Michigan, S.D.

July 20, 1984.

Wayne L. Ogne, Ogne, Jinks, Eccelstone & Alberts, Troy, Mich., for Ford.

Courtney E. Morgan, Jr., Ripple, Chambers & Steiner, Detroit, Mich., for Burdo.

Jack E. Vander Male, Detroit, Mich., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the court on cross-motions for summary judgment, brought by defendant/third-party plaintiff Ford Motor Company (Ford) and third-party defendant Haden Schweitzer Corporation (Haden) on Ford's third-party complaint. For the reasons stated herein, Ford's motion is granted. Haden's motion is denied with respect to Count I of the complaint, and granted with respect to Counts II–VII.

FACTS

The original complaint was brought by plaintiff, an employee of Haden, against Ford, charging the latter with negligent maintenance of its property. Ford had contracted with Haden for the latter to provide and install plastic painting equipment in a Ford factory. Burdo slipped on some oil that had accumulated on the floor of the plant, and sustained serious injuries to his back and neck, while working on the project.

The contract between Ford and Haden was memorialized in a purchase order agreement, which incorporated by reference a document, drafted by Ford, entitled "General Conditions for Lump Sum Equipment Installment Contracts", dated March 1968. Paragraph 30 of the General Conditions set forth an indemnification provision which is the focus of the instant motion, and is reproduced in the margin.[1] In sum-

---

1. The indemnification provision reads as follows:

> The Contractor shall be exclusively responsible for, shall bear, and shall relieve the Owner from liability for all loss and/or expense and/or damage and/or claims resulting from bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, and/or on account of damage to or destruction of property, including that of the Owner, and/or on account of loss of use of such property (except as otherwise specifically provided in the section hereof entitled "Owner's and Contractor's Responsibilities—Fire and Certain Other Risks"), arising out of, or in connection with the performance of any work called for by this Contract, including all work

mary, the indemnification provision recites that the seller of equipment will indemnify Ford for all liability that Ford sustains in an action for personal injury or damage to property, arising from the installation of the equipment, unless Ford or its agents are wholly responsible for the injury or damage.

## DISCUSSION

Ford has moved for what amounts to partial summary judgment on its third-party complaint, which is brought in seven counts.[2]   It seeks a declaration by this court that the indemnification provision set forth in paragraph 30 of the General Conditions is valid and enforceable, and accordingly, that the only issue remaining with respect to Ford's claim for indemnification against Haden is whether or not Ford or its agents were *wholly* responsible for the injuries suffered by the plaintiff.

Haden has moved for summary judgment on all seven counts of the Ford complaint.   Because Ford has not opposed Haden's motion with respect to Counts II–VII, and has in fact represented at the hearing on these motions that it would not press its claims other than that for express contractual indemnification, set forth in Count I, if its own motion is granted, the court grants Haden's motion with respect to Counts II–VII.   We now turn our attention to Count I and the indemnification provision on which it rests.

Haden advances several arguments in support of its position that the indemnification provision is invalid and unenforceable, only two of which require discussion. First, Haden argues that the provision is violative of M.C.L.A. § 691.991.   Second, Haden argues that enforcement of the pro-

vision would permit Ford to recover damages from Haden for personal injuries sustained by Haden's employee, in contravention of the exclusive remedy provision of the Worker's Disability Compensation Act, M.C.L.A. § 418.131.   The court concludes that both of these arguments are unconvincing.

### *M.C.L.A. § 691.991*

■  Haden argues that the indemnification provision at issue in this case violates M.C.L.A. § 691.991, and is therefore void and unenforceable.   The statute provides as follows:

Sec. 1.   A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith, purporting to indemnify the promisee against liability of damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee or indemnitee, his agents or employees, in against public policy and is void and unenforceable.

On its face, the indemnification provision drafted by Ford and incorporated into its contract with Haden does not violate the prohibition of this statute.   The indemnification provision shifts all liability to the seller (in this case, Haden) unless Ford or its agents are completely responsible for the liability creating accident.   This contingency language is all the statute requires. So long as Ford does not attempt to shift

---

assigned to the Contractor under this Contract, whether such loss, expense, damage and/or claims be caused by or result, in whole or in part, from the negligence or other conduct of the Contractor, any Subcontractor and/or the Owner, or any of the employes, agents or servants of any of them, or any other person or persons whatsoever, except that, anything to the contrary notwithstanding contained herein, the Contractor shall neither be responsible nor relieve the Owner from liability for the willful misconduct or the sole

negligence of the Owner or any of its employes, agents or servants.

**2.**   The seven counts in Fords' third-party complaint against Haden are captioned as follows: Count I—Contractual Indemnification; Count II—Implied Contractual Indemnification; Count III—Breach of Contract; Count IV—Common Law Indemnification; Count V—Comparative Contribution; Count VI—Statutory Contribution; and Count VII—Common Law Contribution.

the liability to the indemnitee in cases in which Ford is wholly responsible for the accident, the indemnification provision does not run afoul of the plain language of § 691.991.

Haden argues, however, that the plain language of the statute should not be given effect. It points out that, if in fact the only negligence in this case is attributable to Ford and plaintiff, and plaintiff ultimately recovers his damages from Ford for the portion of his injuries that are attributable to the negligence of Ford under Michigan's comparative negligence doctrine, *see Placek v. Sterling Heights*, 405 Mich. 638, 275 N.W.2d 511 (1979), then Ford will be permitted to seek indemnification from Haden for those damages that are attributable wholly to Ford's own negligence. Such an argument is supported by the construction of § 691.991 adopted by the Michigan Court of Appeals in *Smith v. O'Harrow*, 95 Mich.App. 341, 290 N.W.2d 141 (1980).

*Smith* involved a factual situation similar to the instant case. The Court of Appeals upheld the lower court's dismissal of the indemnitee's third-party complaint against the indemnitor. The appellate court noted that the indemnitee had claimed negligence on the part of the plaintiff which contributed to his injuries. It reasoned that the damages the indemnitee "might ultimately be called upon to pay would still be a result of its sole negligence, as the negligence of plaintiff Smith would *pro tanto* reduce the amount of his recovery from (indemnitee) O'Harrow," *id.* at 345, 290 N.W.2d 141. The court found that "it is but a short step" to the final resolution that "any award of damages would flow solely from O'Harrow's negligence", *id.*, and that the indemnification provision ran afoul of § 691.991.

This court finds the reasoning of the *Smith* court, and its construction of § 691.-991, unpersuasive, and declines to follow it. The *Smith* court reads the statute to preclude operation of indemnification provisions when all *recoverable damages* are attributable to the sole negligence of the indemnitee. Such a reading goes beyond

the language of the statute, which speaks only of "damages arising out of bodily injury to persons ... caused by or resulting from the sole negligence of the promisee or indemnitee." This court reads the phrase "damages arising out of bodily injury" to mean *all injuries* incurred by the plaintiff, including those attributable to his own negligence, and not merely those injuries for which the plaintiff can recover under the comparative negligence doctrine announced by *Placek, supra.*

The court finds such a reading more fully in accord with the plain meaning of the statutory language, and supported by the result reached in *Paquin v. Harnischfeger Corp.*, 113 Mich.App. 43, 317 N.W.2d 279 (1982). The facts of *Paquin* are indistinguishable, for the purposes of the legal issues presented in these motions, from the instant case. Defendant/third-party plaintiff Hanna Mining Company entered into a contract with Proksch Construction Company, pursuant to which Proksch would erect certain buildings on Hanna's property. The construction contract contained an indemnification provision in favor of Hanna similar to that involved in this case. Plaintiff, an employee of Proksch, sued Hanna for an injury incurred on the job, and Hanna brought a third-party complaint against Proksch predicated upon the indemnification provision. The jury found in favor of plaintiff and against Hanna, and further found that plaintiff was 75% responsible for the injury he sustained, and that Hanna was 25% negligent.

The court of appeals reversed the trial court's grant of a motion for directed verdict in favor of Proksch, concluding that the indemnification agreement, interpreted according to its plain language, was intended by the parties to cover indemnification of liability in an accident such as this, and was carefully drafted to avoid running afoul of § 691.991, 113 Mich.App. at 52, 317 N.W.2d 279. The court reasoned as follows:

Under these circumstances, the trial judge erred in denying Hanna's motion for entry of judgment of indemnification.

The indemnity provision was intended to apply to all claims, including those attributable to Hanna's own negligence as long as it was not due to Hanna's sole negligence. The jury's verdict found that the injury herein was due to the negligence of both Hanna and plaintiff. Thus, it was found that the injury was not due to Hanna's sole negligence. Plaintiff's claim falls within the terms of the provision providing indemnity where an injury results from the act of the "Contractor or anyone acting in his behalf in connection with or incident to this Contract". Pursuant to the terms of the indemnity agreement, Proksch must indemnify Hanna. The trial judge should have so ordered.

*Id.* at 53, 317 N.W.2d 279.

Such reasoning implicitly but inevitably supports the conclusion that an indemnification provision does not violate § 691.991 even in those cases, such as *Paquin,* in which the plaintiff recovers damages which are attributable solely to the negligence of the indemnitee, so long as the indemnitee was not solely responsible for the injuries, noncompensible as well as compensible, under Michigan's comparative negligence doctrine.

## THE EXCLUSIVE REMEDY PROVISION OF THE WORKER'S DISABILITY COMPENSATION ACT

[2] Haden argues that the indemnification provision should not be given effect in this case against the employer of the plaintiff, because such operation would permit the employee to recover indirectly against his employer for an injury sustained on the job, in violation of the exclusive remedy provision of Michigan's Worker's Disability Compensation Act, M.C.L.A. § 418.131.[3] Ford appears to acknowledge the possibility that its indemnification claim might be blocked by the exclusive remedy provision of the Worker's Disability Compensation Act, and asks this court to declare the

provision violative of due process, under the federal and Michigan constitutions, insofar as it prevents a defendant from recovering against a third-party, joint tortfeasor employer.

Although the exclusive remedy provision has been interpreted to preclude common law contribution by an employer of the plaintiff to a joint tortfeasor who has been found liable, *see Husted v. Consumer's Power Co.,* 376 Mich. 41, 135 N.W.2d 370 (1965), the Michigan Court of Appeals has consistently concluded that the provision has no effect when the source of recovery sought by the principle defendant against the employer is an express contract for indemnification, *see Paquin v. Harnischfeger Corp., supra,* 113 Mich.App. at 54, 317 N.W.2d 279, *Nanasi v. General Motors,* 56 Mich.App. 652, 224 N.W.2d 914 (1974); *see also Ryan Stevedoring Co., v. Pan-Atlantic Steamship Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). The reasoning behind this rule is easy to discern. The exclusive remedy provision of the Worker's Disability Compensation Act strikes a balance between the interests of the employer and employee, whereby the employer is relieved of liability for its tortious conduct which results in injury to the employee in return for its contributions to the insurance fund that pays worker's compensation benefits for those injuries. Ford's right to indemnification from Haden in this case, however, does not derive from the fact that Haden might have been a joint tortfeasor, responsible in part for plaintiff's injury. Rather, Ford is entitled to recover under the indemnification provision, which provides an independent contractual right secured by Ford as part of the total bargain struck between Ford and Haden for purchase and construction of the painting machinery. Thus, Ford is entitled to recovery under the indemnification provision regardless of any showing of negligence or other wrongdoing by Haden, simply as a matter of contract, so long as Ford

---

**3.** The statute provides in pertinent part as follows:

The right of recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer.

is not solely responsible for the injuries to plaintiff. The exclusive remedy provision has no application to such a contractual right.

Because this matter can be resolved without disposition of the constitutional issue raised by Ford, the court declines to rule on that issue, *cf. Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 341, 346, 56 S.Ct. 466, 480, 482, 80 L.Ed. 688 (1936) (Brandeis concurring); Bator, Mishkin, Shapiro, Wechsler, *Hart and Wechsler's The Federal Courts and the Federal System*, 2d Ed., p. 656 (1972).

For the foregoing reasons, Ford's motion is granted in its entirety, and Haden's motion is denied with respect to Count I of Ford's third-party complaint, and granted with respect to the remaining counts.

SO ORDERED.