**Richard BURDO, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant,**

**FORD MOTOR COMPANY, Third-Party Plaintiff-Appellee,**

v.

**HADEN SCHWEITZER CORPORATION, Third-Party Defendant-Appellant.**

No. 86–1568.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 6, 1987.

Decided Sept. 18, 1987.

Robert H. Feikens (argued), Feikens, Foster, Vander Male, and De Nardis, P.C., Detroit, Mich., for plaintiff.

---

Wayne G. Ogne, Ogne, Jinks, Alberts & Stuart, P.C., Troy, Mich., Bryan Cermak (argued), for defendant.

Before MERRITT, Circuit Judge, and EDWARDS and CONTIE, Senior Circuit Judges.

CONTIE, Senior Circuit Judge.

Haden Schweitzer Corporation (Haden Schweitzer) appeals from the district court's judgment of complete indemnity in favor of Ford Motor Company (Ford) and against Haden Schweitzer. For the following reasons, we affirm the district court's judgment.

## I.

Plaintiff below, Richard Burdo, sustained serious injuries to his back and neck while involved in the construction of a paint processing structure and appurtenances within Ford's building located in Milan, Michigan. Burdo lost his footing and fell as he was pulling a machine across the floor. Allegedly, the accident occurred because of a slippery floor caused by a puddle of oil which had been allowed to accumulate.

Invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332, Burdo filed suit on December 16, 1982, in district court against Ford. Burdo sought to recover damages resulting from his injuries, alleging that Ford had negligently maintained its property. Thereafter, on May 2, 1983, Ford filed a third-party complaint against Haden Schweitzer, alleging, among other things, contractual indemnification.

Burdo was employed by third-party defendant-appellant Haden Schweitzer when he was injured in the Ford building. Haden Schweitzer previously had entered into a purchase order agreement with Ford to perform work at Ford's Milan factory. The purchase order agreement incorporated by reference a document drafted by Ford entitled General Conditions for Lump Sum Equipment Installment Contracts (General Conditions). Paragraph thirty of the General Conditions sets forth an indemnification provision which is the focus of this appeal. Essentially, the indemnification provision recites that the contractor (i.e., Haden Schweitzer) will indemnify Ford for all liability that Ford sustains in an action for personal injury or property damage arising from the installation of equipment, except that the contractor will neither be responsible nor relieve Ford from liability for the "willful misconduct or the sole negligence" of Ford or any of its employees, agents or servants.

Based on the above indemnification provision, Ford filed a motion for summary judgment on May 10, 1984. Ford argued that the provision should be declared valid and enforceable, entitling Ford to indemnification should the jury determine that Burdo's injuries were not caused solely by Ford's negligence. On May 21, 1984, Haden Schweitzer responded to Ford's motion and filed its own motion for summary judgment requesting that Ford's third-party complaint be dismissed. The essence of Haden Schweitzer's motion was that the contractual indemnification provision violated Mich.Comp.Laws Ann. §§ 691.991 and 418.131,[1] and was void as against public policy.

The district court filed a memorandum opinion and order granting Ford's motion and denying Haden Schweitzer's on July 23, 1984. *See Burdo v. Ford Motor Co.,* 588 F.Supp. 1319 (E.D.Mich.1984). The court held that the indemnification provision did not violate section 691.991, nor did it contravene section 418.131.[2]

On August 28, 1984, the jury found that Ford had been thirty percent negligent and Burdo had been seventy percent negligent. Following the doctrine of comparative negligence adopted by the Michigan Supreme

---

**1.** Section 691.991 voids certain indemnification contracts including those which purport to indemnify the indemnitee against liability for damages arising out of bodily injury to persons caused by or resulting from the sole negligence of the indemnitee. Section 418.131 contains the exclusive remedy provision of the Worker's Compensation Act.

**2.** On appeal, Haden Schweitzer does not challenge the district court's judgment with respect to the Worker's Compensation Act.

Court in *Placek v. Sterling Heights*, 405 Mich. 638, 275 N.W.2d 511 (1979), the court awarded damages to Burdo amounting to thirty percent of his claim. In accordance with its previous memorandum opinion and order, the district court entered a judgment of complete indemnity in favor of Ford and against Haden Schweitzer on May 30, 1986, thereby ordering Haden Schweitzer to indemnify Ford for the thirty percent liability that Ford sustained. The court determined that since the jury found that Ford's negligence was not the sole cause of Burdo's injuries, Ford had not been "solely negligent," and the indemnification provision drafted by Ford did not violate section 691.-991.

The issue on appeal is whether the indemnification provision in the contract between Ford and Haden Schweitzer violates section 691.991 and is void as against public policy. The parties' major differences stem from alternative constructions of this statute and from disagreement over a public policy exception to indemnification when the indemnitor is not found to be negligent. We will address these concerns separately.

## II.

Section 691.991, Mich.Comp.Laws Ann., provides:

A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith, purporting to indemnify the promisee against liability for damages arising out of bodily injury to persons or damage to property *caused by or resulting from the sole negligence* of the promisee or indemnitee, his agents or employees, is against public policy and is void and unenforceable.

(Emphasis added). Appellant Haden Schweitzer argues that the phrase "caused by or resulting from the sole negligence" in the statute refers to the noun "damages"—i.e., damages paid which are caused

solely by the indemnitee's negligence may not be indemnified. For example, in the instant case, the district court has ordered Haden Schweitzer to indemnify Ford only for the percentage of damages attributable to Ford under Michigan's comparative negligence doctrine. Haden Schweitzer reasons that since it has been ordered to indemnify Ford for damages "caused by or resulting from the sole negligence" of Ford, the indemnification is in violatio of the statute.

Ford, on the other hand, argues that the phrase "caused by or resulting from the sole negligence" refers to "bodily injury to persons or damage to property"—i.e., a party solely responsible for the resulting injury may not be indemnified. For example, in the instant case, the district court has ordered Haden Schweitzer to indemnify Ford for bodily injury to Burdo which was not caused by or resulting from the sole negligence of Ford, but was largely attributable to the negligence of Burdo, Haden Schweitzer's employee. Ford reasons that since the bodily injury to Burdo was neither caused by nor resulted from Ford's sole negligence, the indemnification provision of the contract does not violate the terms of the statute, and the district court's order must stand.

Different assessments of whether Burdo's negligence is attributable to Haden Schweitzer account for the parties' second major point of contention. Haden Schweitzer argues that, as a matter of public policy, it should not be required to indemnify Ford since Haden Schweitzer was not negligent. Ford responds that if a trier of fact determines that the plaintiff was also negligent, and it determines that the negligence stemmed from employment with the indemnitor third-party plaintiff, the contract's indemnification provision should be upheld.

In the absence of a controlling decision on the issue at hand, federal courts exercising diversity jurisdiction must attempt to predict how the state courts will act in the future. *Filley v. Kickoff Publishing Co.*, 454 F.2d 1288, 1291 (6th Cir.1972), and a district court's interpretation of state law is given considerable weight by the courts of

appeals. *Wright v. Holbrook,* 794 F.2d 1152, 1155 (6th Cir.1986); *Martin v. Joseph Harris Co.,* 767 F.2d 296, 299 (6th Cir. 1985); *Vaughn v. J.C. Penney Co.,* 822 F.2d 605, 608 (6th Cir.1987). In the instant case, there are no Michigan Supreme Court decisions directly on point. Additionally, the Michigan Courts of Appeals have split on both the issue of whether to allow indemnification when the indemnitee was negligent, and the issue of whether there exists a public policy exception to indemnification when the indemnitor was not negligent. For these reasons, we must remain sensitive to the nature and scope of our review function and will defer to the district court's interpretation of state law if that interpretation is permissible. *See Wright,* 794 F.2d at 1155; *Martin,* 767 F.2d at 299.

Although no cases directly confront the issue of alternative constructions of section 691.991, case law can be mustered in support of either proposed construction. Haden Schweitzer primarily relies on *Smith v. O'Harrow Construction Company,* 95 Mich.App. 341, 290 N.W.2d 141 (1980), to support its proposed construction. Ford, on the other hand, primarily relies on *Paquin v. Harnischfeger Corporation,* 113 Mich.App. 43, 317 N.W.2d 279 (1982). In *Smith,* one panel of the Michigan Court of Appeals held in a situation similar to the one at hand that the parties' indemnification provision could not stand against the legislative command found in section 691.991 since any award of damages would flow solely from the indemnitee's negligence. Accordingly, the court held that the indemnification provision was void and unenforceable. In *Smith,* however, the court construed the statute without discussing possible alternative interpretations of the language, focusing instead on the question of whether section 691.991 was invalidated *sub silentio* by *Placek* which, as noted above, adopted the doctrine of comparative negligence in Michigan. Once the court determined that the doctrine of comparative negligence applied, it summarily concluded that any award of damages would flow solely from the indemnitee's negligence in violation of the statute.

In *Paquin,* a different panel of the Michigan Court of Appeals held that since the jury found that the plaintiff's injury was due to the negligence of both the indemnitee and the plaintiff, the injury was not due to the indemnitee's sole negligence. Since the injury (as opposed to a portion of damages) was not due to the indemnitee's sole negligence, the indemnification provision was enforced. The court noted that the indemnification provision expressly precluded indemnification in the event that the injury or damage was caused by the indemnitee's sole negligence in order to avoid a violation of section 691.991. The court construed the statute without discussing the alternative construction adopted in *Smith.*

Haden Schweitzer additionally relies on *Nanasi v. General Motors,* 56 Mich.App. 652, 224 N.W.2d 914 (1974), in support of its argument that, as a matter of public policy, it should not be required to indemnify Ford since Haden Schweitzer, the indemnitor, was not found to be negligent. In *Nanasi,* the Michigan Court of Appeals held that even if a contract clearly contemplates indemnification for the indemnitee's negligence, the indemnitor will not be liable under that contract as a matter of public policy, unless it is also negligent. The court cited section 691.991, remarking that "this statute forbids contracts seeking to protect an indemnitee from his sole negligence."

Ford relies on *Paquin* in support of its argument that if a trier of fact determines that the plaintiff was also negligent, and it determines that his negligence stemmed from employment with the indemnitor third-party plaintiff, the indemnification provision should be upheld. In *Paquin,* the Michigan Court of Appeals held that an indemnification provision was enforceable although the indemnitee was negligent and no determination had been made whether the indemnitor was also negligent.

We agree with the *Paquin* court's approach adopted by the district court below. On its face, the indemnification provision drafted by Ford does not violate the prohibition of section 691.991. The statutory phrase "damages arising out of bodily inju-

ry" refers to *all injuries* incurred by the plaintiff, including those attributable to his own negligence, not merely those injuries for which the plaintiff can recover under the comparative negligence doctrine. Additionally, the sole negligence of the indemnitee is all that section 691.991 prohibits, and we believe that such a reading is more fully in accord with the statutory language.

Moreover, we are unpersuaded by the statutory constructions adopted by *Smith* and *Nanasi.* First, the statutory construction adopted by the *Smith* court would lead to a situation in which indemnification provisions such as the one at issue would never be enforceable, and it seems clear that under Michigan law parties may agree by contract that one party will indemnify the other. Second, the doctrine of indemnity is not a fault apportioning doctrine, and it should not be affected by a comparative negligence doctrine. Finally, the holding in *Nanasi* that section 691.991's prohibition of indemnitee's sole negligence necessitates a finding that the indemnitor must be negligent ignores the fact that third parties can also be at fault.

We also note that a recent panel of the Michigan Court of Appeals, while acknowledging that district court decisions are not binding on state courts, has cited with approval the opinion of the district court below. *Fischbach-Natkin v. Power Process Piping,* 157 Mich.App. 448, 403 N.W.2d 569, 574 (1987). In *Fischbach-Natkin,* the court addressed a similar situation in which an indemnitor's employee had been found comparatively negligent with the indemnitee in causing the injury. As in the instant case, the indemnitor had not been found negligent. The *Fischbach-Natkin* court rejected the argument that section 691.991 requires a finding that the indemnitor itself was negligent before an indemnitee can avoid the statutory prohibition against protection from liability for injuries caused by its sole negligence. The court found that section 691.991 "requires that the 'bodily injury,' as a whole, results from the sole negligence of the indemnitee in order to find the indemnification provision unenforceable. The statute does not focus on the portion of damages solely attributable

to the indemnitee's negligence." 157 Mich. App. at 453, 403 N.W.2d at 574. This lends additional support for our conclusions above.

For the foregoing reasons, we conclude that the district court's interpretation of state law is permissible and accordingly, we AFFIRM.