SHERMAN v DeMARIA BUILDING COMPANY, INC

Docket No. 145220. Submitted December 14, 1993, at Detroit. Decided February 8, 1994, at 9:55 A.M.

Richard Sherman brought a negligence action in the Monroe Circuit Court against DeMaria Building Company, Inc., Glasco Company, and others after he sustained injury while installing doors and windows as an employee of Glasco at a construction project managed by DeMaria. DeMaria claimed comparative negligence by Sherman in its answer and also filed a third-party complaint against Glasco, contending that Glasco is required by written agreement to indemnify DeMaria against Sherman's claim. In the third-party action, the court, William F. Lavoy, J., granted summary disposition for DeMaria. Glasco appealed from that ruling.

The Court of Appeals *held:*

1. An indemnity contract may be construed to provide indemnification for the indemnitee's own negligence where such an intent can be ascertained from the language of the contract, the surrounding circumstances, or the purpose sought to be accomplished by the parties. In this case, the indemnification agreement between DeMaria and Glasco clearly and unambiguously requires Glasco to indemnify DeMaria against Sherman's claim even if DeMaria is found to be negligent.

2. The indemnification sought by DeMaria is not barred by MCL 691.991; MSA 26.1146(1), which declares void as against public policy an indemnity clause in a construction contract that provides for indemnification of the indemnitee against a claim arising out of the indemnitee's sole negligence. The indemnity agreement at issue expressly excludes such indemnification, and Sherman does not allege that his injuries were caused by the sole negligence of DeMaria, but rather by the negligence of DeMaria and several others.

Affirmed.

INDEMNITY — CONSTRUCTION CONTRACTS — NEGLIGENCE.

An indemnity provision in a construction contract may be con-

REFERENCES

Am Jur 2d, Indemnity §§ 13-16.
See ALR Index under Indemnity.

strued to provide indemnification for the indemnitee's joint, but not sole, negligence where such an intent can be ascertained from the language of the contract, the surrounding circumstances, or the purpose sought to be accomplished by the parties; the statutory prohibition against indemnification of claims arising out of the indemnitee's sole negligence focuses on the property damage or personal injury sustained rather than on the claimed monetary damages attributable to the indemnitee and does not preclude indemnification where the indemnitee establishes comparative negligence by the person claiming property damage or personal injury (MCL 691.991; MSA 26.1146[1]).

*Haliw, Siciliano & Mychalowych* (by *Andrew J. Haliw, III*), for DeMaria Building Company, Inc.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James C. Rabaut* and *Mark C. Smiley*), for Glasco Company.

Before: HOOD, P.J., and MURPHY and FITZGERALD, JJ.

PER CURIAM. This appeal involves an indemnity contract whereby defendant and third-party plaintiff, DeMaria Building Company, Inc., seeks to be indemnified by third-party defendant, Glasco Company. The trial court granted summary disposition under MCR 2.116(C)(10) in favor of DeMaria and denied summary disposition for Glasco, who now appeals. We affirm.

Glasco, the subcontractor, had submitted a bid to DeMaria, the construction manager, for the installation of doors and windows in the construction of a Meijer store in Monroe County. In order to submit the bid, Glasco had to fill out and sign a bid form, which set forth the conditions of the contract and general requirements. DeMaria accepted Glasco's bid and both parties entered into a contract drafted by DeMaria. The contract was

signed by Glasco's vice president, Steve Hohens-kill.

Richard Sherman, a Glasco employee, was injured at the construction site when a glass panel fell on him. Sherman filed a complaint alleging negligence against DeMaria, Meijer, and S.S.O.E., Inc., the architect. DeMaria filed an answer, alleging comparative negligence on the part of Sherman. DeMaria then filed a third-party complaint against Glasco, alleging that Glasco was required to indemnify DeMaria pursuant to the contract, which included the following indemnity provision:

> The Contractor [Glasco] shall secure, defend, protect, hold harmless and indemnify the Owner [Meijer], the Construction Manager [DeMaria] and the Architect [s.s.o.e.] and any of their respective agents, servants and employees against any liability, loss, claims, demands, suits, costs, fees and expenses whatsoever arising from bodily injury, sickness, disease, (including death resulting therefrom), of any persons, or the damage or destruction of any property, including loss of use, arising out of or in connection with the performance of any work relating to this contract including extras [sic] work assigned to the Contractor, based upon any act or omission, negligent or otherwise, of (a) the Contractor or any of its agents, employees or servants, (b) any Sub/Subcontractor supplier or materialman of the Contractor, or any agents, employees or servants thereof, (c) any other person or persons. The obligations of indemnification contained herein shall exclude only those matters in which the claim arises out of allegations of the sole negligence of the Owner, the Architect, the Construction Manager or any of their respective agents, servants and employees. The obligations herein shall apply to claims which sound in either tort or contract.

DeMaria and Glasco moved for summary disposi-

tion against each other. After conducting a hearing, the trial court found the contract to be unambiguous and ruled that Glasco was required to indemnify DeMaria for any damages assessed against DeMaria in connection with Sherman's injury.

On appeal, Glasco argues that the trial court erred in ruling that Glasco was required to indemnify DeMaria for its own negligence. Specifically, Glasco asserts that the indemnity provision, which requires Glasco to indemnify DeMaria from liability based on the negligence of "any other person or persons," creates an ambiguity with respect to whether the parties intended to provide indemnification to DeMaria for its own negligence. Glasco argues such an ambiguity must be resolved against the indemnitee and the drafter of the contract.

While it is true that indemnity contracts are construed strictly against the party who drafts them and against the indemnitee, it is also true that indemnity contracts should be construed to give effect to the intentions of the parties. *Fischbach-Natkin Co v Power Process Piping, Inc,* 157 Mich App 448, 452; 403 NW2d 569 (1987). In ascertaining the intention of the parties, the court must consider the language of the contract as well as the situation of the parties and the circumstances surrounding the contract. *Title Guaranty & Surety Co v Roehm,* 215 Mich 586, 592; 184 NW 414 (1921); *Paquin v Harnischfeger Corp,* 113 Mich App 43, 50; 317 NW2d 279 (1982). Where an indemnity agreement is unclear or ambiguous, the intent of the parties is to be determined by the trier of fact. *Chrysler Corp v Brencal Contractors, Inc,* 146 Mich App 766, 771; 381 NW2d 814 (1985).

Michigan courts have discarded the additional rule of construction that indemnity contracts will not be construed to provide indemnification for the

indemnitee's own negligence unless such an intent is expressed clearly and unequivocally in the contract. *Vanden Bosch v Consumers Power Co,* 394 Mich 428; 230 NW2d 271 (1975); *Fischbach-Natkin, supra.* Instead, broad indemnity language may be interpreted to protect the indemnitee against its own negligence if this intent can be ascertained from "other language in the contract, surrounding circumstances, or from the purpose sought to be accomplished by the parties." *Fischbach-Natkin, supra,* 452.

In *Paquin,* the Court used several factors to determine whether the parties intended to protect the indemnitee against its own negligence. *Paquin, supra,* 52-53. The Court first recognized that an exclusionary clause, which expressly precluded indemnification for injuries caused by the indemnitee's *sole* negligence, indicated the intent to provide indemnification for all other situations involving the indemnitee's own negligence. *Id.,* 52. Further, the Court concluded that the situation of the parties and the circumstances surrounding the contract signaled the intent to provide indemnification for the indemnitee's own negligence. This conclusion was based on the evidence that the parties had understood that their employees would be working together in the same area and on the same equipment. There was also evidence showing that the indemnitor was a large company and that the agent who had prepared the bid was familiar with this type of indemnity provision. *Id.,* 53. The *Paquin* Court added that the indemnitor was not aided when its agent testified that he did not recall reading the indemnity provision.

In *Fischbach-Natkin,* the Court applied these same factors to ascertain the parties' intent. *Fischbach-Natkin, supra,* 453-456. The Court also noted that the indemnitor's president, who had signed

the agreement, made no claim that the contract was unconscionable or that the parties had disparate bargaining power. *Id.,* 454.

In this case, DeMaria claims that it is entitled to be indemnified for liability arising out of its own possible negligence because the contract states that Glasco will indemnify DeMaria for damages caused by the negligence of "any other person or persons." Glasco maintains that the indemnity provision is ambiguous because it requires indemnification for damages caused by the acts of "any other person or persons" without referring to DeMaria by name or title, while the exclusionary clause refers to DeMaria by title. Glasco argues that the use of one term in one portion of a contract and the omission of that term in another related portion of the contract evidences an intent to exclude the term where it does not appear. We find this argument to be unpersuasive and unsupported by authority. Although the indemnity provision employs broad language in the general indemnity clause and specific language in the exclusionary clause, this provision does not create an ambiguity regarding the parties' intent to indemnify DeMaria against damages caused by its own negligence, excluding damages caused by its sole negligence.

Having determined that the contract language was unambiguous, we now must ascertain whether the parties intended to indemnify DeMaria against losses caused by its own negligent acts. We first note that the indemnity provision contains an exclusionary clause, which excludes indemnification for claims based on allegations of the sole negligence of the owner, the architect, the construction manager, or their agents. This exclusionary clause evinces an intent to indemnify DeMaria against losses from its own negligence but not

from losses caused solely by DeMaria. *Paquin, supra,* 52-53. In addition, the bid form included language regarding the owner's continuing operations, which indicated that the parties realized their employees would be on the job site at the same time. Glasco also acknowledged that subcontractors are virtually never in a position of exclusive possession and occupancy of a construction site. Thus, the possibility that an injury or damage could result from DeMaria's negligence was apparent at the time the parties entered the contract. *Fischbach-Natkin, supra,* 454.

In addition, Glasco argues that the indemnity provision is unenforceable under the doctrines of duress, misrepresentation, lack of consideration, unconscionability, or estoppel. We find that Glasco waived these defenses by failing to assert them in its responsive pleading. MCR 2.111(F)(3)(a); *Campbell v St John Hosp,* 434 Mich 608, 616; 455 NW2d 695 (1990).

Moreover, Glasco argues its agent was not familiar with the indemnity provision. To support this argument, Glasco presented an affidavit of Steve Hohenskill, who claimed he did not believe the indemnity provision required Glasco to indemnify DeMaria for injuries arising out of its own negligence. Although Hohenskill's interpretation of the indemnity provision is one factor to consider, it is not the only factor to consider when determining the parties' intent. Under contract principles, "one who signs a contract cannot seek to invalidate it on the basis that he or ·she did not read it or thought its terms were different, absent a showing of fraud or mutual mistake." *Paterek v 6600 Ltd,* 186 Mich App 445, 450; 465 NW2d 342 (1990). Here, Glasco waived the defense of fraud and it does not allege mutual mistake. In light of the unambiguous contract language and the principle

that Hohenskill's interpretation cannot invalidate the contract, we determine that the parties intended the indemnity provision to provide indemnity to DeMaria for its own negligence.

Next, Glasco argues that DeMaria is improperly seeking indemnification for damages caused by its sole negligence in violation of MCL 691.991; MSA 26.1146(1), which provides:

A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith, purporting to indemnify the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee or indemnitee, his agents or employees, is against public policy and is void and unenforceable.

There is a split of opinion in this Court with respect to the construction of this statute. In *Smith v O'Harrow Construction Co,* 95 Mich App 341, 345; 290 NW2d 141 (1980), the Court applied a comparative negligence analysis to an indemnity provision and held that, because any portion of damages assessed against the indemnitee would be due to its sole negligence, indemnification for those damages would violate MCL 691.991; MSA 26.1146(1). Thus, in *Smith,* the focus was on the damages eventually received by the injured party. In contrast, the Court in *Paquin* focused on the injury and held that as long as the injury was not caused by the indemnitee's negligence alone, indemnification was valid. *Paquin, supra,* 53. This conflict was discussed in *Fischbach-Natkin, supra,*

and *Burdo v Ford Motor Co,* 828 F2d 380, 383-384 (CA 6, 1987), and both courts followed the holding in *Paquin.*

Glasco urges us to follow *Smith* and to conclude that indemnification is not allowed where the indemnitee alleges comparative negligence because any damages received by the injured party, after a reduction for comparative negligence, would be solely attributable to the indemnitee. We decline to follow *Smith* and, instead, adopt the rationale of *Fischbach-Natkin* and *Burdo.* Under MCL 691.991; MSA 26.1146(1), the proper focus is on the whole injury sustained by the injured party rather than on the portion of damages attributable to the indemnitee.

In this case, Sherman's complaint alleged negligence against DeMaria, Meijer, and S.S.O.E., which indicates that Sherman's injuries were not caused by the sole negligence of any of these defendants. Further, DeMaria raised allegations of comparative negligence against Sherman. Thus, the indemnification statute is not violated because DeMaria is not seeking indemnification from damages based on injuries caused solely by DeMaria.

Lastly, Glasco argues that the unambiguous language of the exclusionary clause precludes indemnification. This clause excludes from indemnification "those matters in which the claim arises out of allegations of the sole negligence of the Owner, the Architect, the Construction Manager or any of their respective agents, servants and employees." Glasco argues that indemnification is barred because Sherman's complaint raised allegations of the sole negligence of Meijer, S.S.O.E., and DeMaria.

We disagree with Glasco's construction of Sherman's complaint. While Sherman's complaint raised allegations of negligence against DeMaria,

Meijer, and S.S.O.E., the complaint did not allege that any of these defendants were *solely* negligent. Indeed, by raising allegations against more than one defendant, Sherman implied that each defendant was negligent for his injuries. Therefore, the exclusionary clause does not apply to Sherman's complaint.

We conclude that the trial court did not err in finding that the contract was unambiguous and that, pursuant to the contract, Glasco was required to indemnify DeMaria. Because there was no genuine issue of material fact, summary disposition under MCR 2.116(C)(10) was properly granted to DeMaria with regard to the indemnity issue.

Affirmed.