WALL *v.* ZYNDA.

1. VENDOR AND PURCHASER—COVENANTS—LIMITATION OF ACTIONS—
   RECOVERY OF PAYMENTS.
   > In purchaser's suit to rescind land contracts for purchase of lots
   > in a subdivision in which contract vendor agreed to convey
   > merchantable title, gravel streets and lay cement sidewalks,
   > plaintiff's suit *held*, not founded on covenant so as not to be
   > barred until lapse of 10 years, but one to recover payments
   > made under contract, no fraud or mistake having been alleged
   > (3 Comp. Laws 1929, § 13976).

2. CANCELLATION OF INSTRUMENTS — RESCISSION — RESTORATION OF
   STATUS QUO.
   > Rescission not only involves a repudiation of a contract and the
   > refusal of the moving party to be further bound by it but also
   > a restoration of the *status quo*.

3. COVENANTS—SPECIFIC PERFORMANCE—DAMAGES.
   > A suit founded on a covenant seeks affirmatively to enforce the
   > terms of the covenant by way of specific performance or by
   > recovery of damages for a breach of the covenant by one rely-
   > ing on it and asserting his rights thereunder.

4. CANCELLATION OF INSTRUMENTS — RESCISSION — PROMPT ACTION
   REQUIRED.
   > The character of relief sought in suit for rescission is opposite
   > to that of covenant and requires prompt action by one seeking
   > rescission in order that *status quo* may be restored.

5. EQUITY—RESCISSION—PROMPT ACTION.
   > Equity will not permit one possessed of a right of rescission to
   > delay unduly in the exercise of that right and while so doing
   > speculate on the outcome of the transaction at the risk of his
   > adversary.

6. LIMITATION OF ACTIONS—PERIOD DETERMINED BY FORM OF ACTION
   INSTITUTED.
   > If a plaintiff has a choice between two forms of action, the one
   > brought by him determines the period of limitation applicable.

7. VENDOR AND PURCHASER—RESCISSION—LIMITATION OF ACTIONS.
    Purchaser's bill for rescission of land contracts in suit started
    over seven years after payment of contract price in full *held*,
    properly dismissed, the suit being barred by the six-year
    statute of limitations (3 Comp. Laws 1929, § 13976).

8. APPEAL AND ERROR—QUESTIONS REVIEWABLE—LIMITATION OF AC-
    TIONS—FORM OF ACTION.
    Contention that executory land contracts are not "deeds" within
    meaning of statute of limitations as to actions on covenants is
    not passed upon where form of action instituted by plaintiff
    rendered such provisions of statute inapplicable (3 Comp.
    Laws 1929, §§ 13309, 13976).

9. EQUITY—RESCISSION—SPECIFIC PERFORMANCE—RELIEF GRANTED.
    Under prayer for general relief in suit for rescission of land con-
    tracts brought by purchaser, plaintiff may not be granted re-
    lief by way of specific performance since such latter relief is
    wholly inconsistent with the former, might depend on wholly
    different facts and circumstances and disposition of suit can
    be made without prejudice to plaintiff's right, if any, to in-
    stitute suit for specific performance.

Appeal from Macomb; Spier (James E.), J.  Sub-
mitted January 5, 1938.  (Docket No. 24, Calendar
No. 39,785.)  Decided February 24, 1938.  Rehear-
ing denied April 4, 1938.

Bill by James E. Wall against Anna Zynda and
others to obtain rescission of land contracts and for
a money decree.  Motion to dismiss by defendants.
Motion granted.  Plaintiff appeals.  Affirmed.

*Stanley E. Beattie,* for plaintiff.

*Alton H. Noe* and *Butler & Dougherty,* for defend-
ants.

NORTH, J.  Plaintiff filed a bill to obtain rescis-
sion of two land contracts and repayment of the pur-
chase price.  By these contracts plaintiff had agreed
to purchase from John Zynda, Sr., trustee, certain

lots in a Macomb county subdivision. Defendants, claiming plaintiff's suit was barred by statutory limitations, moved to dismiss the bill of complaint. This motion was granted and plaintiff has appealed.

The land contracts were entered into April 12, 1926. The total purchase price was $3,450. Approximately one-half was paid prior to December 28, 1927, on which date John Zynda, Sr., died. He left an estate in excess of $350,000. The individual defendants are the legatees each of whom received upwards of $19,000 from the estate. Defendants Anna Zynda and Joseph Zynda were appointed executors and plaintiff paid to these executors the balance of the contract price. The final payment was made October 9, 1929. Plaintiff resided in Massachusetts. After payment in full of the contracts, from time to time he made inquiry and demand, by letter and other means, of the executors for performance of the vendor's obligations under the land contracts, and he was advised that performance could not be tendered for the reason, among others, that the Zynda estate was in process of administration and that title could not be made until some future date, but that ultimately the contract obligations of the vendor would be performed in full.

By the terms of these contracts, upon payment in full, the vendor was to convey by warranty deed a marketable title and provide vendee with an abstract for each lot. The vendor also agreed "to gravel streets and to lay cement sidewalks." In April, 1936, an abstract of title was tendered to plaintiff's counsel but it disclosed that the lots were incumbered. On or about September 15, 1936, plaintiff's counsel was notified that the incumbrance had been removed and that defendants would soon be able to deed the property. About this time plaintiff ascer-

tained that the streets had not been graveled and
the cement walks had not been laid. He informed
defendants that he would not accept conveyance of
the lots until the agreed improvements were made.
Defendants Joseph and John Zynda requested fur-
ther delay until the return of the widow, Anna
Zynda, from Germany. An adjustment not having
been accomplished, plaintiff started suit March 10,
1937. Defendants have never conveyed title nor ten-
dered conveyance thereof.

The reasons assigned by defendants in support of
their motion to dismiss are that the plaintiff's cause
of action is barred by the six-year statute of limita-
tions (3 Comp. Laws 1929, § 13976) and by plain-
tiff's failure to file a claim against the estate of John
Zynda, Sr., in accordance with statutory require-
ments. The trial judge sustained defendants' mo-
tion to dismiss on the ground that plaintiff's cause of
action was barred by the six-year statute of limita-
tions, and also on the further grounds that plaintiff
did not present his claim against the Zynda estate
within two years after the granting of letters tes-
tamentary (3 Comp. Laws 1929, § 13981) and that he
did not file a contingent claim as provided by statute
(3 Comp. Laws 1929, § 15708).

If the trial court was correct in holding that the
six-year statute of limitations barred plaintiff's
suit, his holding is decisive of this appeal. How-
ever, appellant asserts that the six-year limitation
is not applicable because this suit is one "founded"
upon covenant, and therefore comes within the stat-
utory provision which in part reads:

"Actions founded upon covenants in deeds * * *
may be brought at any time within 10 years from
the time * * * when the cause of action accrued on
such * * * covenant." 3 Comp. Laws 1929, § 13976.

We cannot agree with appellant that his suit is one which comes within the above quoted statutory limitation. His bill is one for *rescission* of the two contracts. Neither fraud nor mistake is alleged. Instead vendor's failure to fulfill the terms of the contracts is alleged as the ground for rescission. Such failure was known at all times to plaintiff, or at least would have been known to him had he exercised anything like reasonable diligence in ascertaining the facts. A bill for rescission of a contract, even though under seal, is not founded upon covenant in such contract, *i. e.*, it is not a bill asking affirmative relief based upon a covenant. Instead the rescission here sought is relief of directly the opposite character. The prayer in plaintiff's bill for rescission is that the entire contract be abrogated and moneys paid by him under the contract be decreed to be repaid.

"To rescind a contract is not merely to terminate it, but to abrogate and undo it from the beginning; that is, not merely to release the parties from further obligation to each other in respect to the subject of the contract, but to annul the contract and restore the parties to the relative positions which they would have occupied if no such contract had ever been made. Rescission necessarily involves a repudiation of the contract and a refusal of the moving party to be further bound by it. But this by itself would constitute no more than a breach of the contract or a refusal of performance, while the idea of rescission involves the additional and distinguishing element of a restoration of the *status quo*." 1 Black on Rescission and Cancellation (2d Ed.), § 1.

As contradistinguished from rescission, a suit founded on covenant seeks affirmatively to enforce the terms of the covenant by way of specific per-

formance or by recovery of damages for a breach of the covenant by one who relies upon the covenant and asserts his rights thereunder.

Not only is rescission the opposite of covenant in the character of the relief sought, but of necessity the results which follow the respective actions are opposite or at least distinctly different. Rescission wholly abrogates the contract and restores the parties to a *status quo;* but covenant perpetuates the contract and affords the moving litigant his rights thereunder. Because of this difference courts have uniformly required a plaintiff in rescission to assert his right to rescind without any unnecessary delay. Otherwise he will be denied the relief. In many cases the right to have rescission has been held to have been lost by laches within a much shorter period than the six-year statute of limitations. It is obvious that a prolonged period of time within which to bring an action for rescission would be quite incompatible with the character of the relief sought. A party asking restoration of the *status quo* for obvious reasons should be required to move promptly. Equity will not permit one possessed of a right of rescission to delay unduly in the exercise of that right and while so doing speculate on the outcome of the transaction at the risk of his adversary.

"The form of action fixes the bar rather than the cause of action. For instance, if plaintiff has a choice between two forms of action, the one brought by him determines the period of limitation applicable." 1 Green's Michigan Practice (Nichols' 3d Ed.), p. 165.

To the same effect, see *Christy* v. *Farlin,* 49 Mich. 319; *Avery, for the use of Aultman,* v. *Miller,* 81 Mich. 85; *Stringer* v. *Stevens' Estate,* 146 Mich. 181

(8 L. R. A. [N. S.] 393, 117 Am. St. Rep. 620, 10 Ann. Cas. 337).

Plaintiff's cause of action accrued when he paid in full the contract price in October, 1929. But he did not start his suit for rescission until March 10, 1937. The circuit judge was right in dismissing the bill of complaint on the ground that the suit was barred by the six-year statute of limitations.

It should be noted that we do not pass upon appellees' contention that executory land contracts are not "deeds" in the sense in which that word is used in 3 Comp. Laws 1929, § 13976, hereinbefore quoted. In part this contention is based upon 3 Comp. Laws 1929, § 13309, which provides that such executory contracts are not embraced in the term "conveyance" as used in chapter 260, 3 Comp. Laws 1929, under the title of "conveyances of real property." See 3 Comp. Laws 1929, § 13278 *et seq.*

We are not in accord with appellant's contention that notwithstanding rescission is sought in the instant case, plaintiff may (under his prayer for general relief) be granted specific performance. The latter is wholly inconsistent with the former and the right to such relief might depend upon wholly different facts and circumstances. Disposition of the instant case can be made without prejudice to plaintiff's right, if any, to institute suit for specific performance. 1 Black on Rescission and Cancellation (2d Ed.), § 12.

Dismissal by the circuit court of the bill of complaint is affirmed, with costs to appellees.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred.