MSI CONSTRUCTION MANAGERS, INC v CORVO IRON WORKS, INC

Docket No. 144824. Submitted May 10, 1994, at Detroit. Decided January 17, 1995, at 9:30 A.M.

Dale C. and Theresa Frank brought an action in the Wayne Circuit Court against MSI Construction Managers, Inc., and others, seeking damages related to injury sustained by Dale Frank at a construction project managed by MSI. MSI brought a third-party action against Corvo Iron Works, Inc., a subcontractor in the project, seeking indemnification pursuant to contract. The jury returned a verdict in favor of the Franks, finding MSI to be sixty-five percent negligent and Corvo to be thirty-five percent negligent. The jury also found in favor of MSI in the third-party action against Corvo. The court, J. Phillip Jourdan, J., entered a judgment that directed Corvo to fully indemnify MSI for damages awarded to the Franks. Corvo appealed.

The Court of Appeals *held:*

1. The indemnification agreement, when properly construed, essentially provided that Corvo was to indemnify MSI from and against all claims arising out of Corvo's work to the extent caused in whole or in part by any negligent act or omission by Corvo. Thus, Corvo must indemnify MSI to the extent of Corvo's negligence but is not required to indemnity MSI for MSI's negligence. The portion of the trial court judgment requiring Corvo to fully indemnify MSI must be vacated, and the trial court must enter an order requiring MSI to pay sixty-five percent of the award to the Franks and requiring Corvo to pay the remaining thirty-five percent.

2. The trial court did not abuse its discretion in admitting evidence of a citation issued to Corvo pursuant to the Michigan Occupational Safety and Health Act. Such evidence was relevant and more probative than prejudicial.

Judgment vacated in part.

INDEMNITY — CONTRACTS — JUDICIAL CONSTRUCTION.

Indemnity contracts should be construed to ascertain and give

REFERENCES

Am Jur 2d, Indemnity §§ 13-16.
See ALR Index under Indemnity.

effect to the intentions of the parties; such intentions are ascertained by considering the language used in the contract, as well as the situation of the parties and the circumstances surrounding the contract; an indemnity clause should be interpreted to give a reasonable meaning to all its provisions.

*Coticchio, Zotter, Sullivan, Molter, Skupin & Turner, P.C.* (by *Walter J. Zotter*), for MSI Construction Managers, Inc.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Francis H. Porètta* and *Andrew C. Vredenburg*), for Corvo Iron Works, Inc.

Before: Marilyn Kelly, P.J., and Shepherd and L. P. Borrello,* JJ.

Marilyn Kelly, P.J. Third-party defendant, Corvo Iron Works, Inc., appeals as of right from an order of judgment in favor of third-party plaintiff, MSI Construction Managers, Inc., in this negligence action.

Corvo claims that the trial court erred in failing to properly apportion fault and in assessing damages. It also alleges that certain evidence was erroneously admitted. We vacate a portion of the judgment.

I

In 1987, plaintiff Dale Frank was seriously injured in a construction site accident. Msi was the construction manager of the project. Corvo, a subcontractor, supplied the steel beams involved in the accident. Frank filed a claim against msi. Msi, as third-party plaintiff, sued Corvo seeking indemnification.

At trial, msi and Corvo disputed the effect to be

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

given to an indemnification clause in the subcontract. Corvo claimed that, if it was found to be negligent, it would be liable only to the extent of its own negligence. MSI argued that the clause required Corvo to fully indemnify MSI if Corvo were found at all negligent. The judge permitted the jury to assess the relative degrees of fault between Corvo and MSI. He concluded that, if Corvo were found to be negligent, Corvo would be required to indemnify MSI to the full extent of the judgment.

The jury returned a verdict in favor of the Franks against MSI and Corvo. The jury found MSI to be sixty-five percent negligent and Corvo to be thirty-five percent negligent. The jury also found in favor of MSI against Corvo in the third-party suit. The order of judgment instructed Corvo to fully indemnify MSI for the entire amount awarded to the Franks.

II

On appeal, Corvo contends that the trial judge erred in requiring it to fully indemnify MSI for its negligence. Corvo contends that it should have been required to indemnify MSI only to the extent it was actually found to be negligent.

The disputed clause provides:

> To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, the Architect and the Contractor and all of their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees arising out of or resulting from the performance of the Subcontractor's work under this Subcontract, provided that any such claim, damage, loss, or expense is attributable to bodily injury, sickness, disease, or death

or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, to the extent caused in whole or in part by any negligent act or omission of the Subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder. Such obligations should not be construed to negate, or abridge, or otherwise reduce any other right or obligation of indemnity which otherwise exists as to any party or person described in this Paragraph 11.11.

Indemnity contracts should be construed to ascertain and give effect to the intentions of the parties. *Fischbach-Natkin Co v Power Process Piping, Inc,* 157 Mich App 448, 452; 403 NW2d 569 (1987). In ascertaining their intentions, one must consider the language used in the contract as well as the situation of the parties and circumstances surrounding the contract. *Meadows v Depco Equipment Co,* 4 Mich App 370, 375; 144 NW2d 844 (1966). A provision which seeks to indemnify a promisee against liability for its own negligence is valid in the case of concurrent negligence by multiple tortfeasors. *Fishbach-Natkin,* p 461; *Harbenski v Upper Peninsula Power Co,* 118 Mich App 440, 453; 325 NW2d 785 (1982). An indemnity clause should be interpreted to give a reasonable meaning to all its provisions. *Pritts v J I Case Co,* 108 Mich App 22, 30; 310 NW2d 261 (1981).

Here, in contrast to *Fishbach-Natkin* and *Pritts,* the trial court erred in concluding that the clause required Corvo to fully indemnify MSI for the entire judgment awarded to the Franks. The indemnity clause envisions that Corvo will indemnify MSI. However, MSI's interpretation of the indemnity clause emphasizes only language which

supports its position. It minimizes the importance of the phrase, "to the extent caused in whole or in part by any negligent act or omission of the Subcontractor." This language limits the extent of Corvo's liability.

We construe the contract most strictly against the party who is the indemnitee. *Gartside v YMCA,* 87 Mich App 335, 339; 274 NW2d 58 (1978). Here, when the various disputed phrases of the indemnity clause are emphasized equally, and none is ignored, the indemnity clause essentially provides:

> To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Contractor from and against all claims arising out of the Subcontractor's work to the extent caused in whole or in part by any negligent act or omission of the Subcontractor.

MSI's claims to the contrary, the language here differs significantly from cases which have permitted indemnification. See *Paquin v Harnischfeger Corp,* 113 Mich App 43; 317 NW2d 279 (1982), *Gartside, supra, Fishbach-Natkin, supra,* and *Pritts supra.* Corvo is liable to MSI to the extent of its own negligence but is not required to indemnify MSI for MSI's negligence.

### III

The trial court did not abuse its discretion when it allowed into evidence information concerning a citation issued to Corvo under the Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq. De Voe v C A Hull, Inc,* 169 Mich App 569, 577; 426 NW2d 709 (1988). The citation, although not dispositive on the issue of Corvo's negligence, was relevant as it tended to

show that Corvo had not provided a safe work environment for its employees. It was not more prejudicial than probative. We find that it was properly admitted. MRE 402; MRE 403.

We vacate that portion of the trial court's order which required Corvo to fully indemnify MSI. We instruct the trial court to enter an order requiring MSI to pay sixty-five percent and Corvo to pay the remaining thirty-five percent of the judgment to the Franks.

SHEPHERD, J., did not participate.