*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARELIOUS REED,

Plaintiff-Appellant,

v

THE AUTO CLUB GROUP,

Defendant-Appellee.

UNPUBLISHED
June 22, 2023

No. 362614
Wayne Circuit Court
LC No. 21-002154-ND

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

In this action seeking insurance coverage for automobile theft, plaintiff Arelious Reed appeals as of right the order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) to defendant The Auto Group Club (Auto Club) on the basis of failure to disclose the use of the automobile "for hire" as required under the insurance policy . On appeal, plaintiff argues the trial court erred by (1) declining to enter a default judgment against defendant as a sanction for an alleged discovery violation, and (2) granting summary disposition to defendant when plaintiff's use of his vehicle did not fall under the statutory definition of a commercial vehicle. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from plaintiff's loss of his 2011 Lincoln Town Car Executive Stretch Sedan Limousine (the "limousine"), which was insured under Auto Club's policy of automobile insurance (the "Policy"). At the time of renewal of the Policy for the period of November 8, 2019 to May 8, 2020, plaintiff declared he would be using the limousine for the following personal purpose: "Drive to Work/School, 3-9 Miles One Way, Less Than 10,000 Miles Per Year."

The Policy included permissive comprehensive coverage. The exclusions of this section of the Policy include: "We will not pay for loss . . . to an insured car while being used to . . . carry persons or property for compensation or a fee . . . ."

The General Policy Conditions are noted as "applying to all parts of [the] policy." These conditions include the following relevant provisions:

## 15.  DUTY TO REPORT CHANGES

You must promptly report to us all changes, including additions and deletions, in policy information.  Further, you must report to us certain changes no later than 30 days after the change occurs.  These are changes to:

* * *

d. an insured car and how it is used . . . .

If you fail to inform us of these changes within 30 days, we may void coverage as provided under Condition 21—Concealment,  Misrepresentation  or Fraud.

* * *

## 17. DECLARATIONS

By accepting this policy the principal named insured agrees that:

a. the statements on the Declaration Certificate and in the application for this policy are his/her own; and

b.  this  policy  is  issued  in  reliance  upon  the  truth  of  those representations . . . .

* * *

## 21. CONCEALMENT, MISREPRESENTATION OR FRAUD

We may void the policy applying to an insured car at any time, including after the occurrence of an accident or loss, if you or any insured person has concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct relating to:

a. this insurance; or

b. declarations made in applying for, changing or renewing coverage, as provided under Condition 17—Declarations, including, but not limited to statements regarding the license and driving history of you; resident relative; all persons of driving age residing in your household; all persons who regularly operate an insured car; the description of the cars to be insured; the location of the principal place of garaging; and your place of residence.

If we void this policy, it will be void from its inception (void ab initio), and no coverage will be provided.  This means that we will not be liable for any claims or damages.

We may void this policy or deny coverage for an accident if you or any insured person have concealed, omitted or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

Plaintiff alleges he was carjacked on April 13, 2020. Plaintiff claims, while he was stopped and looking for something in the vehicle, three men with clown masks approached demanding money and his car keys. Plaintiff reported the car theft to the police and defendant, stating he gave the men his keys and they drove away in the limousine.

As part of its investigation, defendant conducted and transcribed a telephone interview with plaintiff, in the presence of his former attorney. When asked about his use of the limousine, plaintiff stated:

*Q.* Okay. Well what are you using the Lincoln Town Car for then?

*A.* Like weddings and parties.

*Q.* Okay. So you're using it for hire?

*A.* Yeah. I was getting paid cash.

*Q.* Do you advertise this or?

*A.* On Craig's List I had it advertising.

Approximately two weeks later, defendant notified plaintiff it was voiding his coverage under the Policy, as of November 8, 2019, alleging plaintiff made material misrepresentations. Defendant stated the following false or misleading information was provided by plaintiff and relied on by defendant when it issued the Policy and calculated the premium: "The 2011 Lincoln Town Car is used to drive to & from work 5 days per week." Defendant stated this characterization of the use of the limousine, by which plaintiff procured insurance coverage, was contradicted by plaintiff's admission he used the car in a commercial capacity to transport passengers for hire. "Therefore," defendant stated, "by application of General Condition[s] 15, 17 and 21 of your Car Policy, the coverage under this policy is rescinded; that is, it is void as of November 8, 2019." Defendant refunded the premium paid for November 2019 to May 2020 to plaintiff.

Plaintiff filed a complaint against defendant, listing causes of action under the Michigan Vehicle Code, MCL 257.1 *et seq.*, and the no-fault act, MCL 500.3101 *et seq.* Four months later, plaintiff moved to compel discovery. Within two weeks, defendant sent an e-mail to plaintiff, instructing: "Please see attached hereto documents [bate[s]-]stamped 'Defendant ACG 0001' through 'Defendant ACG 0058.' " A file entitled "Discovery Production–A Reed v ACG.pdf"[1] was attached to the e-mail. The trial court granted plaintiff's motion to compel discovery three

---

[1] Nothing in the lower court file is identified as this document or was identified as such.

weeks after this e-mail was sent, ordering defendant to "submit the requested discovery within 14 days."

Defendant moved for summary disposition under MCR 2.116(C)(10), arguing plaintiff materially misrepresented his use of the limousine, entitling defendant to void the policy. Defendant also argued, even if it was not entitled to void the Policy, plaintiff's loss was explicitly excluded by the language of the Policy because it occurred while the vehicle was being used to carry persons for a fee.

Plaintiff moved to strike defendant's motion for summary disposition under MCR 2.115, arguing because his use of the limousine did not fall within the definition of the use of a "commercial vehicle" under MCL 257.7 and MCL 257.7a, defendant's characterization of the limousine as being used "for hire" was inaccurate. Plaintiff argued he had used the limousine for "nonbusiness purposes," but did not dispute the statements he made during the telephone interview about using the limousine for hire, getting paid cash for this service, and advertising this service. Plaintiff also argued an application for insurance is not part of an insurance agreement. In addition to requesting the trial court "strike" defendant's motion for summary disposition, plaintiff requested the trial court "strike" the transcript of the telephone interview, which had been submitted to the trial court for the first time as Exhibit 4 to defendant's motion for summary disposition. Plaintiff argued the transcript should be struck:

> for disqualification, because the Plaintiff deposition was taken by one of the Defendant's AUTO CLUB REP., for servicing their own commercial dealings on financially [sic] interested in the action pursuant to MCR 2.304 (C)(3) Persons Before Whom Depositions May Be Taken.
>
> . . . Furthermore, Plaintiff . . . is requesting that his deposition that was taking by [sic] the Defendant's AUTO CLUB REP., be waived and be Strike [sic] down for effect of errors or irregularities in depositions on behalf of its harmless error pursuant to MCR 2.308(A)(C) and MCR 2.308 (C)(3),(d)(4)(5) Use of Depositions in Court Proceedings.

Defendant argued plaintiff's motion to strike should be denied because MCR 2.115(B) applies to pleadings and not to dispositive motions. Defendant also argued plaintiff's contention regarding the definition of a "commercial vehicle" under MCL 257.7 was immaterial to defendant's argument for summary disposition.

In reply, plaintiff argued defendant failed to tender its "Exhibit 4" within 14 days of the trial court's order granting plaintiff's motion to compel discovery. Although plaintiff did not explain what he meant by "Exhibit 4," it appears he was referring to Exhibit 4 to defendant's motion for summary disposition—the transcript of the telephone interview. Plaintiff maintained the discovery produced by defendant did not include this transcript. Plaintiff argued defendant must provide the transcript because MCR 2.302 required production of oral and written statements "in their possession, custody, or control," which may be used "to support its claims or defenses." Because defendant did not tender the transcript before the deadline set by the order compelling discovery, plaintiff requested the trial court "award Plaintiff full sanctions in the amount of $1,000,000.00 against the Defendant."

The trial court issued an opinion and order granting defendant's motion for summary disposition. The trial court stated because the dispute concerned permissive automobile insurance coverage and not coverage mandated by the no-fault act, "the contractual language and not public policy controls." The trial court found:

> The policy language is clear on the point of declaring business uses (as they increase risk and therefore the premium), and the language of coverage, of exclusions, and of the right to void the agreement for things like misrepresentation are all consistent.

> * * *

> [T]he Court has not identified any ambiguity or inconsistency in the policy language, nor has Plaintiff argued in this vein.

Addressing plaintiff's argument regarding the MCL 257.7 definition of a "commercial vehicle," the trial court reasoned "[u]se of the Vehicle Code is inapposite . . . because its purpose is to define how motor vehicles are categorized for purposes of registration, licensing, titling, transfer and regulation and does not in any way involve issues of insurance." The trial court found, under the Policy, the duty to disclose any change in the vehicle's use was "a blanket requirement of disclosure and is not related to how a vehicle was being used at the time of the loss in question," and because the Policy language was an unambiguous allocation of risk, it was irrelevant if plaintiff failed to comprehend this duty to disclose. Ultimately, the trial court found plaintiff had not met his burden of establishing there remained a genuine issue of material fact whether defendant was entitled to void the Policy.

The trial court succinctly denied plaintiff's motion to strike simply stating it did not "find any failure to comply with the court rules on the pleadings or pleadings that include 'redundant, immaterial, impertinent, scandalous, or indecent matter.' " The trial court did not address plaintiff's specific arguments concerning striking "Exhibit 4," or his request for sanctions for a discovery violation concerning the failure to timely deliver this transcript.

Plaintiff moved for rehearing or reconsideration, arguing the trial court committed palpable error in granting summary disposition without granting plaintiff leave to amend his pleadings, although plaintiff had not made a prior motion to amend. Plaintiff also reasserted the interview transcript had not been delivered within 14 days of the order to compel, and argued this omission prejudiced plaintiff and required leave for plaintiff to amend a pleading. Plaintiff asked for relief from judgment under MCR 2.612, and a default judgment against plaintiff for failure to comply with the order to compel discovery.

The trial court denied plaintiff's motion for reconsideration, finding no palpable error. In doing so, the trial court found plaintiff's argument for a discovery sanction regarding the interview transcript failed because the transcript was publicly available in defendant's filing of its motion for summary disposition, and plaintiff is presumed to know his own statements. This appeal followed.

## II. DEFAULT JUDGMENT

Generally, any error raised on appeal must be that of the trial court; it cannot be an error "to which the aggrieved appellant has contributed by planned or neglectful omission of action on his part." *Smith v Musgrove*, 372 Mich 329, 337; 125 NW2d 869 (1964). To preserve an issue for appeal, "a party need only bring the issue to the [trial] court's attention—whether orally or in a brief or both." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020).

"Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Plaintiff did not argue for default judgment or that he was prejudiced by the alleged delay in the delivery of the interview transcript until he moved for reconsideration. Because this issue was not presented in the trial court when the motion for summary disposition was decided, plaintiff's contentions that he was prejudiced by the alleged discovery violation and the violation called for default judgment are unpreserved. *Schroeder v HHS* (*In re Estate of Norbert*), 335 Mich App 107, 119; 966 NW2d 209 (2020) ("[W]hen an issue is first raised in a motion for reconsideration, it is not properly preserved."). Accordingly, we decline to address this issue.

## III. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

"The interpretation of a contract is a question of law reviewed de novo on appeal." *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019) (quotation marks and citations omitted). We review summary disposition rulings de novo. *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). This Court reviews a motion for summary disposition on appeal in the same way the trial court was obligated to review it. See *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012).

Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When moving under MCR 2.116(C)(10), the moving party has the initial burden to identify "the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4); see also *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8-9; 890 NW2d 344 (2016). If the moving party properly asserts and supports his or her motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists," and they cannot do this by relying on mere allegations or denials in their pleadings. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003); see also *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In considering a motion for summary disposition, the court need only consider the evidence identified by the parties. See

*Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 377; 775 NW2d 618 (2009). The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party, MCR 2.116(G)(5); *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012), and must draw all reasonable inferences in favor of the nonmoving party, *Dextrom v Wexford County*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010). The trial court may not make findings of fact or weigh credibility in deciding a motion for summary disposition, *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018), and is limited to the evidence presented to the trial court at the time the motion was decided, *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

## B. ANALYSIS

The trial court did not err in granting defendant summary disposition because the terms of the Policy unambiguously give defendant the ability to void the agreement in the event of a material misrepresentation, such as misstating or misrepresenting the use of the vehicle. Nor, in light of plaintiff's admission, is there any genuine issue of material fact that such misstatement or misrepresentation occurred.

MCL 257.7 of the Michigan Vehicle Code states:

> "Commercial vehicle" includes all motor vehicles used for the transportation of passengers for hire, or constructed or used for transportation of goods, wares, or merchandise, and all motor vehicles designed and used for drawing other vehicles that are not constructed to carry a load independently or any part of the weight of a vehicle or load being drawn. Commercial vehicle does not include a limousine operated by a limousine driver, a taxicab operated by a taxicab driver, or a personal vehicle operated by a transportation network company driver. [MCL 257.7.]

Plaintiff contends this statutory definition excludes a limousine from the category of a "for hire" automobile under the Policy. But comprehensive property loss automobile insurance coverage is not mandated by statute; it is permissive coverage only. See *MEEMIC Ins Co v Mich Millers Mut Ins*, 313 Mich App 94, 99; 880 NW2d 327 (2015) (stating the no-fault act mandates only coverage for personal protection insurance, property protection insurance, and residual liability insurance under MCL 500.3101(1)). Permissive coverage is governed by the terms of the insurance policy, and therefore, governed by contract law. *Meemic Ins Co v Fortson*, 506 Mich 287, 297-298; 954 NW2d 115 (2020); *Mate v Wolverine Mut Ins Co*, 233 Mich App 14, 19; 592 NW2d 379 (1998). The terms of the policy include the policy's declarations sheet. *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 715; 706 NW2d 426 (2005).

"Insurance policies are contracts and . . . are subject to the same contract construction principles that apply to any other species of contract." *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012) (quotation marks and citation omitted). "[T]he primary goal of contract interpretation is to ascertain and effectuate the intent of the contracting parties. The law presumes that the contracting parties' intent is embodied in the actual words used in the contract itself." *City of Grosse Pointe Park v Mich Municipal Liability & Property Pool*, 473 Mich 188, 218-219; 702

NW2d 106 (2005). Courts give contractual language its plain and ordinary meaning unless otherwise defined. *English v Blue Cross Blue Shield of Michigan,* 263 Mich App 449, 471; 688 NW2d 523 (2004). Courts also construe contracts so as to give reasonable meaning to all of their provisions. *MSI Construction Managers, Inc v Corvo Iron Works, Inc*, 208 Mich App 340, 343; 527 NW2d 79 (1995). But "[i]f two provisions of the same contract irreconcilably conflict with each other, the language of the contract is ambiguous." *Kendzierski v Macomb County*, 503 Mich 296, 311; 931 NW2d 604 (2019) (quotation marks and citation omitted). "Where a written contract is ambiguous, a factual question is presented as to the meaning of its provisions, requiring a factual determination as to the intent of the parties in entering the contract." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 469; 663 NW2d 447 (2003) (quotation marks and citations omitted).

Plaintiff alleges defendant breached the Policy by refusing to honor the comprehensive property loss coverage. To prove a claim of breach of contract, a party must establish: "(1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach." *Bank of America, NA v First America Title Ins Co*, 499 Mich 74, 100; 878 NW2d 816 (2016). Moreover, a person is presumed to read and understand the contract they entered into, see *Farm Bureau Mut Ins Co of Mich v Nikkel*, 460 Mich 558, 567-568; 596 NW2d 915 (1999), and "[a] court must not hold an insurance company liable for a risk that it did not assume," *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999); see also *Meemic Ins Co*, 506 Mich at 297-298.

Under contract law an insurer may invoke common-law defenses such as fraudulent misrepresentation to avoid enforcement of a policy. See *Titan Ins Co*, 491 Mich at 554-555, 564. Further, an insurer may invoke a common-law equitable remedy to rescind a policy, declaring it void *ab initio*, if the insured intentionally concealed or misrepresented a material fact relating to his coverage. *Auto-Owners Ins Co v Harrington*, 455 Mich 377, 382; 565 NW2d 839 (1997); *Lash v Allstate Ins Co*, 210 Mich App 98, 103; 532 NW2d 869 (1995). Rescission abrogates the contract and restores the parties to their relative positions had the contract never been made. See *Wall v Zynda*, 283 Mich 260, 264-265; 278 NW 66 (1938). "[A] fact or representation in an application is material where communication of it would have had the effect of substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium." *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 253-254; 632 NW2d 126 (2001) (quotation marks and citation omitted).

Turning to the terms of the Policy, the conditions of the contract state: "By accepting this policy the principal named insured agrees that . . . the statements on the Declaration Certificate and in the application for this policy are his/her own; and . . . this policy is issued in reliance upon the truth of those representations . . . ." The Declaration Certificate for the coverage period encompassing the date of the theft stated the limousine was being used to "Drive to Work/School, 3-9 Miles One Way." The Policy conditions require plaintiff to "report . . . certain changes no later than 30 days after the change occurs," including how an insured car is used. Most importantly, the conditions of the Policy, explicitly state: "We may void the policy applying to an insured car at any time, including after the occurrence of an accident or loss, if you or any insured person has concealed or misrepresented any material fact or circumstance," or if the insured person fails to report certain changes, including the use of the car, within 30 days. This condition goes on to specify: "If we void this policy, it will be void from its inception (void *ab initio*), and no coverage will be provided."

During a telephone interview, plaintiff stated he used the limousine for "weddings and parties" for hire, "getting paid cash," and nowhere in the trial court record, or in his brief on appeal, does he dispute this transcription or that he was using the limousine in this way. Additionally, the exclusions listed in the Policy section concerning comprehensive property loss coverage state: "We will not pay for loss . . . to an insured car while being used to . . . carry persons or property for compensation or a fee . . . ."

Recall, a "representation . . . is material where communication of it would have had the effect of substantially increasing the chances of loss insured against . . . ." *Oade*, 465 Mich at 253-254. In issuing the policy, defendant relied upon plaintiff's statements in the Declaration Certificate that he was not using an insured vehicle for hire, as evidenced by the policy exclusion of coverage when the vehicle is being used to "carry persons…for compensation on a fee"; and the policy acknowledged this reliance ("By accepting this policy the principal named insured agrees that . . . this policy is issued in reliance upon the truth of [the] representations [made in the Declaration Certificate and in the application for the Policy] . . . ."). Thus, plaintiff's declaration that the limousine was only going to be used to travel to work or school, 3 to 9 miles one way, when it was actually going to be used for hire, was a material misrepresentation.

Under both the terms of the Policy, and under common law, defendant was entitled to rescind the Policy, declaring it void *ab initio*, because of this misrepresentation, *Auto-Owners Ins Co*, 455 Mich at 382, avoiding the unacceptable alternative of holding defendant liable for a risk it explicitly did not assume, *Henderson*, 460 Mich at 354. Thus, plaintiff's claim that defendant breached the policy must fail because, on rescission, the contract is abrogated and the parties are restored to their pre-agreement position. *Wall*, 283 Mich at 264-265. There is no remaining question of whether defendant breached, because there is no contract left to enforce. *Bank of America, NA*, 499 Mich at 100. Accordingly, the trial court properly found that no genuine issue of material fact existed and defendant was entitled to summery disposition pursuant to MCR 2.116(C)(10). *Maiden, 461 Mich at 120.*

IV. CONCLUSION

Affirmed. Defendant may tax costs.

/s/ James Robert Redford
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney