*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THE CARR FARM, LLC,

Plaintiff-Appellant,

v

DANIEL R. DOSH,

Defendant-Appellee.

UNPUBLISHED
September 15, 2025
2:00 PM

No. 372199
Livingston Circuit Court
LC No. 22-031433-CH

Before: WALLACE, P.J., and RIORDAN and REDFORD, JJ.

PER CURIAM.

Plaintiff, the Carr Farm, LLC, appeals as of right the trial court order denying its motion to vacate an arbitration award. On appeal, plaintiff argues the arbitration award should be vacated because the arbitrator exceeded his authority when deciding the issue of rescission of a land contract. For the reasons stated in this opinion, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from the rescission of a land contract entered between plaintiff's predecessor in interest and defendant, Daniel R. Dosh, and his then-wife, Heidi Dosh. On August 21, 2014, Lori and Robert Schultz and Heidi and Daniel Dosh entered into a land contract for the Doshs to purchase three acres of land ("the property"), which included a farmhouse residence. The property was a portion of a 13.5-acre parcel in Howell, Michigan. According to the contract, the Doshs were to pay a purchase price of $85,000 for the property in escalating monthly installments with interest over a period of years in exchange for possession and enjoyment of the property during the payment term and eventual title and ownership of the property.

The Schultzes and Doshs entered the contract under the mistaken belief that the property could by split from the 13.5-acre parcel after the contract amount was paid. Neither party checked if the Cohoctah Township Zoning Ordinances would permit the property to be split from the 13.5-parcel in the future. Review of the Cohoctah Township Zoning Ordinance would have shown that division of the 3-acre property from the 13.5 parcel violated minimum lot size requirements. Under the zoning ordinance, "[a] permitted parcel shall have a minimum of 20 acres in area, except as otherwise may be provided in this Ordinance." Cohoctah Township Ordinance, § 6.06(A).

-1-

"Nonfarm single-family dwellings" required a minimum lot size of 10 acres. Cohoctah Township Ordinance, § 6.02(N). As such, the division contemplated in the land contract would leave two nonconforming parcels.

After entering the land contract, both the Schultzes and the Doshs divorced, leaving Robert Schultz with the seller's interest and Daniel Dosh with the buyer's interest in the land contract in their respective divorce cases. Additionally, on August 14, 2020, Robert Schultz sold his interest in the 13.5-acre parcel to the Carr Farm. Schultz also assigned his interest as the seller in the land contract with Dosh to Carr Farm. Apparently, Carr Farm also failed to examine the zoning ordinance regarding the possibility of dividing the property before accepting the assignment.

After Dosh completed making payments under the land contract, the parties' request to divide the parcels was denied by the Township, and a request for a variance to the Cohoctah Township Zoning Board of Appeals was also denied. Subsequently, plaintiff filed a complaint for possession after land contract forfeiture, alleging in relevant part that performance of the land contract was impossible. After engaging in litigation, the parties stipulated, and the trial court ordered, the land contract rescinded because of the mutual mistake of the parties. The trial court further ordered that defendant execute a quitclaim deed to convey the property to plaintiff and to vacate the property.

Following entry of the order, the parties stipulated to enter binding arbitration to resolve the remaining issue of determining the monetary amount owed to the parties in the rescission of the land contract. The parties also entered an arbitration agreement to submit themselves to binding statutory arbitration. See MCL 691.1681 *et seq*. Plaintiff requested that the arbitrator require defendant to pay plaintiff approximately $163,000 as the fair rental value for the time defendant occupied the property. In response, defendant asserted that plaintiff was not entitled to payment of rent and requested that the arbitrator require plaintiff to pay him approximately $147,770, which would be the sum of the principal and interest paid; real estate taxes paid; and return of improvements, repairs, and maintenance defendant made on the subject property.

The arbitrator issued an initial arbitration award concluding that plaintiff owed defendant $126,115 and defendant owed plaintiff no monetary amount because plaintiff was restored to the status quo by the return of title and possession of the property. The parties met with the arbitrator to discuss their perceived factual and mathematical discrepancies in the initial arbitration award. Thereafter, the arbitrator issued an amended arbitration award. Again, the arbitrator concluded that plaintiff was returned to the status quo by the return of title and possession of the property. The arbitrator disagreed that payment of rent to plaintiff was required to restore the status quo in the rescission of the land contract. Additionally, the arbitrator decided that plaintiff owed defendant $129,715, which was the sum of $98,098 paid in principal and interest under the contract, $13,916 paid in real estate taxes, and $17,701 in improvements and repairs to the property.

Plaintiff moved to vacate the arbitration award and remand for further arbitration on the basis that the arbitrator exceeded his powers by acting in contravention of the arbitration agreement and by making errors of law in the award. After a hearing on plaintiff's motion, the trial court confirmed the arbitrator's award, concluding that the arbitrator did not exceed his powers. This appeal follows.

## II. ANALYSIS

On appeal, plaintiff argues the trial court erred by denying its motion to vacate the arbitration award on the basis that the arbitrator exceeded his authority by ignoring the plain language of the arbitration agreement and making errors of law. We disagree.

This Court reviews de novo a trial court's decision to enforce, vacate, or modify an arbitration award. *City of Ann Arbor v American Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). Whether an arbitrator has exceeded his or her authority is also reviewed de novo. *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009). Generally, courts are reluctant to disturb an arbitration award and their "power to modify, correct, or vacate an arbitration award . . . is very limited." *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 495; 475 NW2d 704 (1991). "A court may not review an arbitrator's factual findings or decision on the merits." *City of Ann Arbor*, 284 Mich App at 144. "If, in granting the award, the arbitrator did not disregard the terms of his or her employment and the scope of his or her authority as expressly circumscribed in the contract, judicial review effectively ceases." *Id.* (quotation marks and citation omitted). Courts must carefully evaluate an allegation that an arbitrator has exceeded his or her authority "to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision." *Gordon Sel-Way, Inc*, 438 Mich App at 497.

The parties agreed to participate in statutory arbitration, which is governed by the Uniform Arbitration Act, MCL 691.1681 *et seq*. MCL 691.1703 governs vacatur of arbitration awards. One of the grounds upon which a court may vacate an arbitration award is that the "arbitrator exceeded the arbitrator's powers." MCL 691.1703(1)(d).[1] Our court rules correspondingly provide that a court may vacate an arbitration award if "the arbitrator exceeded his or her powers[.]" MCR 3.602(J)(2)(c).[2] Arbitrators exceed their powers "whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 434; 331 NW2d 418 (1982). Importantly, "an award will be presumed to be within the scope of the arbitrators' authority absent express language to the contrary." *Gordon Sel-Way, Inc*, 438 Mich at 497. Courts "are reluctant to vacate or modify an award when the arbitration agreement does not expressly limit the arbitrators' power in some way." *Id*. Further, any legal error must be apparent from the face of the arbitration award or the reasons stated therein and must be "so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *Detroit Auto Inter-Ins Exch*, 416 Mich at 443.

In this case, the arbitrator was tasked with determining the monetary amounts owed to the parties in the rescission of the land contract. Rescission is an equitable remedy granted in the sound discretion of the court. *Amster v Stratton*, 259 Mich 683, 687; 244 NW 201 (1932). The

---

[1] Plaintiff does not argue that the other grounds identified in MCL 691.1703 upon which an arbitration award may be vacated are applicable.

[2] If the trial court denied the motion to vacate the award, it must confirm the award unless another motion to modify or correct the award is pending. MCL 691.1703(4); MCR 3.602(J)(5).

goal of rescission is not the mere termination of a contract or transaction, but the abrogation of said contract and restoration of the parties to the status quo. *Wall v Zynda*, 283 Mich 260, 264; 278 NW 66 (1938). Stated otherwise, rescission intends to place the parties in the position they occupied before they entered the contract or transaction at issue.

Plaintiff first argues the arbitrator failed to abide by the terms of the arbitration agreement when he determined that only defendant was entitled to a monetary amount in the rescission of the land contract. According to plaintiff, the terms of the agreement required the arbitrator to decide a monetary amount above zero owed to each party in the rescission of the land contract. Plaintiff relies on the introductory clause of the arbitration agreement to support this assertion, which provides as follows:

> Pursuant to stipulation of the parties, the issue regarding the parties' arguments and the Court's determination as to the monetary amounts *each* party is entitled to receive based on the rescission of the land contract dated September 4, 2014 shall be submitted to binding arbitration . . . [Emphasis added].

This argument is without merit. "Because [a]rbitration is a matter of contract, when interpreting an arbitration agreement, we apply the same legal principles that govern contract interpretation." *Lichon v Morse*, 507 Mich 424, 437; 968 NW2d 461 (2021) (quotation marks and citation omitted; alteration in original). "The goal in interpreting a contract is to ascertain the intent of the parties at the time they entered into the agreement." *Id*. (quotation marks and citation omitted). This Court reads the contract as a whole and applies its plain language to infer the intent of the parties. *Greenville Lafayette, LLC v Elgin State Bank*, 296 Mich App 284, 287-288; 818 NW2d 460 (2012).

In this case, the arbitrator determined that plaintiff was not entitled to a monetary amount because it was returned to the status quo by the return of possession and title to the property, which included its increase in equitable value. The arbitrator further determined that plaintiff must pay a total of $129,715 to defendant for the return of defendant's payment of principal and interest, real estate taxes, and improvement and repairs to the residence over the term of the land contract. Nothing in the plain language of this introductory clause prevented the arbitrator from deciding that the monetary amount a party is entitled to in the rescission of the land contract is zero. The introductory clause merely provides that the task before the arbitrator was for him to decide the issue of rescinding the land contract. This Court will not read limitations on an arbitrator's authority absent express language in the arbitration agreement. See *Gordon Sel-Way, Inc*, 438 Mich at 497.

This conclusion is further supported by reading the remainder of the arbitration agreement. The scope of the arbitrator's authority to craft a remedy was defined as follows:

> 11. The Arbitrator will make the award promptly after the closing of the hearing. The award will be in writing and signed by the Arbitrator. The award will include a written, reasoned opinion by the Arbitrator as to findings of fact and conclusions of law. *The Arbitrator may grant any remedy or relief that the Arbitrator deems just and equitable within the scope of the agreement of the Parties, including remedies that are equitable*. In addition to the final award, the Arbitrator may make

-4-

other decisions, including interim, interlocutory, or partial rulings, orders, and awards. [Emphasis added.]

This provision makes clear that the parties granted the arbitrator broad authority to grant relief he deemed "just and equitable." In this case, the arbitrator decided that plaintiff was entitled to no monetary amount because it was already returned to the status quo by the quitclaim deed that gave it possession and title to the property, as well as the benefit of added equitable value. This outcome was permissible under the plain language of the arbitration agreement.

Plaintiff also relies on language the arbitrator included in the initial arbitration award to support its argument that the arbitrator acted in contravention of the arbitration agreement. In the initial arbitration award, the arbitrator labeled the facts section "Stipulated Facts" and included the following factual findings:

8. Carr has been placed in their original position by the Quit Claim deed and rescission of the 3 acre parcel and dwelling thereon back to Carr from Dosh.

9. The parties agree that Dosh has not yet been placed in his original position as of August, 2014 and that this arbitration is to determine what is required to do so.

Plaintiff asserts it did not stipulate to these facts and, by including this language in the initial arbitration award, the arbitrator concluded from the start that plaintiff was not entitled to a monetary amount.

The initial arbitration award is irrelevant to the issue on appeal. The initial arbitration award was revised and amended by the amended arbitration award to correct the aforementioned inaccuracies. In the amended award, the "Facts" section is no longer entitled the "Stipulated Facts" and no longer states that "[t]he parties agree that Dosh has not yet been placed in his original position." Because these alleged errors in the initial arbitration award were corrected by the amended arbitration award, they are not relevant to this Court's review of the arbitration decision. See *Detroit Auto Inter-Ins Exch*, 416 Mich at 443.

Consequently, plaintiff's claim that the arbitrator exceeded his powers by failing to abide by the terms of the arbitration agreement is without merit.

Plaintiff next argues the arbitrator made several errors of law in his decision that plaintiff owes $129,715 to defendant and that defendant does not owe plaintiff any monetary amount. First, plaintiff contends the arbitrator made an error of law by not awarding it a monetary amount for the fair rental value of the property. In support of this proposition, plaintiff contends binding caselaw mandates that a buyer is charged with rent for the period he occupied the premises in the rescission of a land contract. We disagree.

Plaintiff's argument misapprehends the flexible nature of equitable remedies. Equitable relief may be granted in the sound discretion of a court when a legal remedy is not available. *Tkachik v Mandeville*, 487 Mich 38, 45; 790 NW2d 260 (2010). "Equity jurisprudence mold[s] its decrees to do justice amid all the vicissitudes and intricacies of life." *Id.* at 45-46 (quotation marks and citation omitted; alteration in original). By its very nature, the relief a court, or in this

case an arbitrator, may award the parties in an equitable action will depend on the circumstances of the case. See *Spoon-Shacket Co, Inc v Oakland Co*, 356 Mich 151, 165; 97 NW2d 25 (1959).

Plaintiff's assertion that a buyer in the rescission of a land contract must always pay fair rental value to the seller in order to restore the status quo contravenes the flexible nature of equity. See *Tkachik*, 487 Mich at 46. Instead, the payment of fair rental value is one of various factors the arbitrator may consider to return the parties to the status quo in the rescission of a land contract. See *Barke v Grand Mobile Homes Sales, Inc*, 6 Mich App 386, 393; 149 NW2d 236 (1966) ("The trial court may consider use or rental values as one of the items in placing the parties in status quo.").[3] The caselaw cited by plaintiff does not state that the buyer must pay fair rental value to the seller in the rescission of a land contract. See *Himebaugh v Chalker*, 261 Mich 80; 245 NW 576 (1932). Rather, several of the cases cited by plaintiff supports that the trial court may exercise its discretion to determine whether payment of fair rental value is appropriate under the circumstances of the case. See *Lash v Prokop*, 331 Mich 390; 49 NW2d 343 (1951); *Mesh v Citrin*, 299 Mich 527; 300 NW 870 (1941).

In this case, the arbitrator recognized he had the discretion to award fair rental value to plaintiff and determined that it was not necessary under the circumstances of this case to return the parties to the status quo before entry of the land contract. The arbitrator did not make an error of law when he declined to award plaintiff payment of fair rental value. See *Detroit Auto Inter-Ins Exch*, 416 Mich at 434.

Plaintiff further contends the arbitrator made an error of law by considering expectation damages in his calculation of the arbitration award. Specifically, plaintiff contends that expectation damages are a distinct legal remedy and cannot be awarded in an action in equity. This argument is without merit because it is not apparent from the face of the arbitration award that the arbitrator awarded expectation damages or considered it in his calculus of the award.

Expectancy damages are a legal remedy for a breach of contract "designed to make the plaintiff whole." *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 586 n 4; 624 NW2d 180 (2001). Expectancy damages are measured by the value of benefits the aggrieved party would have received had the contract not been breached. *Ferguson v Pioneer State Mut Ins Co*, 273 Mich App 47, 54; 731 NW2d 94 (2006). Expectancy damages are distinct from rescission because they are forward-looking. Expectancy damages seek to award the aggrieved party the benefit of the bargain; whereas, rescission is retrospective, meaning it seeks to return the parties to their position before the contract was entered.

Contrary to plaintiff's assertion, nothing on the face of the amended arbitration award supports that the arbitrator awarded defendant expectancy damages or used the appreciation in value of the property to "offset" the award of fair rental value to plaintiff. The arbitrator awarded defendant $129,715 for the payment of principal and interest, real estate taxes, and improvement and repairs to the residence defendant made over the term of the land contract. In return, plaintiff was awarded title and possession of the property. The monetary amount awarded to defendant

---

[3] Although Court of Appeals opinions dated before November 1, 1990, are not precedentially binding, they may be considered for their persuasive value. MCR 7.215(J)(1).

was appropriate under the equitable remedy of rescission because it rewound the benefit defendant conferred on plaintiff without awarding more to him. See *Wall*, 283 Mich at 264. No other monetary amount was awarded to defendant. Further, no monetary amount was awarded to plaintiff because it was returned to the status quo by the return of the property. Therefore, the arbitrator did not award defendant expectancy damages or use expectancy damages to "offset" plaintiff's award.

Additionally, the arbitrator did not otherwise use expectancy damages in his calculus of the rescission. In the amended arbitration award, the arbitrator states:

> The fair market value increased from $85,000 in 2014 to $145,000 . . . in October, 2023. Dosh would have received the increased equity of $60,000 if he had retained the parcel. Conversely, Carr received that increase in value and if any rent had been charged the only equitable amount would be the $60,000 in the increased value to Carr.

This statement is not an invocation of expectancy damages. Rather, the arbitrator considered the fact that plaintiff was returned property with a value $60,000 higher than when the land contract was first entered in his balancing of the equities. This statement is merely an acknowledgment that the parties could not be returned to the exact status quo from before they entered the land contract because of the additional value conferred on plaintiff. This analysis does not support that the arbitrator awarded expectancy damages or impermissibly used it in his calculus of the rescission of the land contract.

Finally, plaintiff contends the arbitrator erroneously applied the legal principle of assignment in this case. Specifically, plaintiff argues the arbitrator implied that plaintiff was not entitled to rent because it received property it never intended to own and ordered plaintiff to repay money to defendant that plaintiff never received. Plaintiff has misconstrued the arbitrator's statement and misapprehends the doctrine of assignment.

Assignment is defined as the "transfer or setting over of property, or of some right or interest therein, from one person to another[.]" *Black's Law Dictionary* (12th ed). "[A]n assignee stands in the shoes of the assignor and acquires the same rights as the assignor possessed." *Prof Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167, 177; 577 NW2d 909 (1998). In this case, Schultz assigned his interest as the original seller in the land contract to plaintiff. Under the terms of the assignment agreement entered by plaintiff and Schultz, plaintiff was assigned all rights accruing under the land contract, but was also assigned all risks attendant to the land contract.

The arbitrator did not imply that plaintiff was not entitled to payment of rent because he was assigned the interest in the land contract. Rather, the arbitrator commented on the fact that because of the effect of the assignment, defendant "lost out" under the land contract and Schultz, as the predecessor in interest, appears to have wrongly gained a benefit through the assignment he and plaintiff entered:

> This case is a sad one for both Carr and Dosh. There are no winners between these two parties. Carr never intended to have the 3 acres as part of his purchase

from Schultz. He expected to convey the 3 acres to Dosh at the end of the contract when Dosh had paid in full.

Dosh paid in full and currently has expended $147,715.32 and has no ownership rights or occupancy in the 3 acres and dwelling. In reality the only winner is Schultz who took all the money and assigned the 3 acres and dwelling to Carr that was not splittable and Schultz lost nothing.

The arbitrator continued on to state that plaintiff has not suffered a complete loss because he was awarded the property. Plaintiff complains that the arbitrator ordered it to pay money to defendant that it never received because those funds were actually received by Schultz. However, because of the assignment, plaintiff stands in Schultz's shoes and is treated as if it were the individual who entered into the land contract and received the payments from defendant. See *id*. For that reason, it is irrelevant that Schultz, as the original seller, actually received the funds. Had the assignment not occurred, Schultz would also have to pay back the benefit defendant conferred on him and would also not be entitled to recover fair rental value from defendant. There is no indication from the face of the award that the arbitrator misconstrued the legal effect the assignment had in this case.

In conclusion, the arbitrator awarded defendant a monetary amount to return the benefit he conferred on plaintiff and declined to award plaintiff a monetary amount because he recognized that plaintiff was returned to the status quo by the return of title and possession of the property. It is not apparent from the record that the arbitrator exceed his authority arising from the arbitration agreement when making this decision. Further, plaintiff has identified no errors of law apparent on the face of the arbitration award. As such, the trial court was without authority to vacate the arbitration award and did not err by denying plaintiff's motion to vacate the arbitration award. See MCR 3.602(J)(2)(c). As previously stated, judicial review of an arbitrator's decision is very limited. See *Gordon Sel-Way, Inc*, 438 Mich at 495. Because plaintiff has failed to show that the arbitrator exceeded his authority or made a mistake of law, this Court's review must cease as further review would amount to a review of the merits of the decision. See *City of Ann Arbor*, 284 Mich App at 144.

Affirmed.

/s/ Randy J. Wallace
/s/ Michael J. Riordan
/s/ James Robert Redford